JOHN DOE, *ex dem.* BOHANAN, *et al.*, plaintiff in error, *vs.* ROE, casual ejector, and BONN, tenant, etc., defendant in error.

1. One who has a direct interest in the event of the suit, is an incompetent witness in behalf of the party with whom his interest is identified.

2. A party cannot complain of the charge of the Court, unless he can show that under the law and facts of the case, he was entitled to recover, if the charge had not been given, or had been given, as he desired it.

3. A plaintiff in ejectment can not recover on a joint demise, without proof of a joint interest in the lessors.

4. Where there is an irreconcilable conflict in the testimony of two witnesses of equal credibility, upon a question fairly submitted to the jury, it is the province of the jury to decide between the witnesses, and their finding will not be disturbed, especially where the jury follows the law, and the Judge who tried the case, refused a new trial.

5. A verdict in conformity to law and the facts of the case, will not be disturbed.

Ejectment, in Carroll Superior Court. Tried before Judge D. F. HAMMOND, at the October Term, 1860.

This suit was brought by John Doe, on the demises of John Bohanan, Nathaniel F. Harris, William F. Bond & Co., and James Bond, against Richard Roe, casual ejector, and George Bonn, tenant in possession, to recover lot of land No. 264, in the 6th district of Carroll county.

On the trial of the case, the following evidence of title to the land in dispute, was introduced by the plaintiff, to-wit:

A grant from the State to John Bohanan, dated 28th of June, 1830—a deed from Bohanan to Nathaniel F. Harris, dated 15th December, 1830—a deed from Harris to William F. Bond & Co., dated 1st February, 1839—and a deed from William F. Bond to James Bond, for one-half the lot in dispute, dated in 1842.   The *locus*, and possession of the defendant at the time the suit was commenced, being admitted, the plaintiff rested his case.

The defendant then introduced a deed to the land from Eli Benson, sheriff of Carroll county, to the defendant, dated the 1st Tuesday in December, 1851, accompanied by a *fi. fa.* from Wilkinson Superior Court, in favor of Joseph Bond, against William F. Bond and John C. Sheffield, issued from a judgment obtained at the October Term, 1839, and levied 20th August, 1851, on the lot of land in dispute, for the sum of $7,658 00, principal.   The *fi. fa.* had thereon the following, to-wit :   1st. " No property to be found whereon to levy the within *fi. fa.*, this the 14th day of August, 1846, W. H. Macarthy, sheriff."   2d. " Levied this *fi. fa.* on lot of land No. 73—16th—3d, as the property of Wm. F. Bond, April 2d, 1847, J. O. Dyer, sheriff."   " The above lot of land sold to Spencer Riley for two hundred and twenty-five dollars, this 4th May, 1847, J. O. Dyer, sheriff," "after paying seven dollars and eighteen cents for advertising, levying, and commissions on sale, leaves a balance of two hundred and seventeen dollars and eighty-one cents, as a credit on this *fi. fa.*" " Received of Jacob O. Dyer, sheriff, two hundred and seventeen dollars and eighty-one cents, 4th of May, 1847, Hazel Loveless, agent for Spencer Riley."   3d. A levy and sale of lot No. 299—8—4, in December, 1847.   4th. A levy on lot No. 32—9—3, and lot No. 50—12—3, and sale of No. 50 in October, 1848, and a dismissal of the levy on No. 32, by order of Court, October, 1849.   5th. Levy and sale of lots No. 251—10—3, Nos. 65 and 130—11—3, and 188—13—3, and sale of the lots in July, 1849.   6th. Levy on No. 513—19—2, No. 736—19—2, No.. 378—1—3, in Cobb county, June, 1850, with a dismissal of the levy on 736 and 513, by order of Court, and on 378, by order of plaintiff's

attorney, April, 1851.   7th. Levy on several lots in Carroll county, including the land in dispute, August, 1851, and sale of the same in November, 1851.

The defendant rested his case at this point.   The plaintiff then proved by William Solomon that he was present at the sale of lot No. 73, 16, and 3, in Cass county, by the sheriff, on the 4th of May, 1847, and at that time examined said *fi. fa.* carefully, and that he was positive that the same was out of date, or dormant, and that the entry aforesaid of "no property to be found whereon to levy the within *fi. fa.*," dated the 14th of August, 1846, and purporting to be signed by William H. Macarthy, sheriff, was not on the *fi. fa.* at that time.

Plaintiff then proposed to prove, by Joel Deese, one of the firm of William F. Bond & Co., that said William F. Bond, D. C. Gibson, and Joel Deese, the witness, composed said firm.   The testimony was objected to, on the ground that the witness was interested in the event of the suit. The Court rejected the testimony, notwithstanding the witness swore that he had no interest in the suit, and that he had been released by James Bond, which release was in Court.

The defendant then proved, by Jonathan McDow, that he also was present at the sale in Cass county, about which the witness, Solomon, testified, and that he saw the said *fi. fa.*, and saw the entry of *nulla bona* which appears thereon, but that he did not examine the *fi. fa.* with any special care.

After the testimony and argument had closed, and the jury had been charged with the case, they returned a verdict for the defendant, with costs of suit.

Counsel for plaintiff then moved for a new trial, on the grounds:

1st. That the jury found contrary to the evidence and the weight of the evidence, and that there was no sufficient evidence to support the verdict:

2d. That the jury found contrary to the charge of the Court and the law of the case, the charge being as follows: "The defendant claimed title by virtue of a sheriff's sale of

the land in dispute, and a deed to the same made in December, 1851, that the extent of William F. Bond's interest in the land at the time it was sold had been put in issue, and the jury must look to all the evidence in order to determine that question; that if William F. Bond was the entire owner of the lot of land, and the execution was fair and regular at the sale of said land, then the purchaser acquired a title by virtue of the sale, and the defendant, in that case, ought to recover; but if the jury should believe that William F. Bond had only a partnership interest in the land, they must first ascertain what that interest was, and that that interest, whatever it was, was all that could pass by virtue of the sheriff's sale, and then, if they should believe that the plaintiff had shown a sufficient title to authorize him to recover, he would be entitled to recover whatever portion of the land was not in William F. Bond at the date of the sheriff's sale; that if the *fi. fa.* remained at any time, for seven years, without a return by the proper officer, it was dormant, and a sale under it would pass no title, and if after seven years had passed without a return, and the entry was made and antedated, this would not give vitality to the execution; but if the entry was really on the *fi. fa.*, and put there at the time it bears date, it kept it alive, and a sale under it would be good. To determine this question, the jury must look to the evidence; that the jury should reconcile the testimony, if they can, without imputing perjury to any; but if they could not so reconcile it, then they should give the greatest credit to that witness who had the best opportunity of knowing the facts, and the least inducement to swear falsely.

3d. Because the Court erred in rejecting the testimony of Joel Deese, as before stated.

4th. Because the Court erred in the charge to the jury, which precluded them from finding one-half, or any part of the land in controversy for the plaintiff.

The Court refused the new trial, and that refusal is the error complained of.

FIELDER & BROYLES, WADDELL & BLANCE, for plaintiff in error.

HUGH BUCHANAN, *contra.*

*By the Court.*—JENKINS, J., delivering the opinion.

1st. The first error assigned in this record is the rejection of the testimony of Deese, a witness offered by the plaintiff, because of his interest in the event of the suit.   One of the deeds in plaintiff's chain of title is made to William F. Bond & Co.   One of the demises laid in the declaration is in the name of Wm. F. Bond & Co., consisting of William F. Bond, Joel Deese, and D. C. Gibson.   Deese was introduced to prove that the three last named persons (of whom he is one) constituted the firm of Wm. F. Bond & Co.   Deese testified that he had no interest in the event of the suit, "*having been released by James Bond,*" who was the last lessor of the plaintiff.   By plaintiff's evidence in chief, it appears that the only title James Bond had to the land was a deed from William F. Bond individually, for his interest therein, specified to be one half.   He had no deed from Deese.   From what then did Bond release Deese?   The interest of Deese was derived from Harris; and there is no evidence that he had ever parted with it.   He was one of plaintiff's lessors.   He was, moreover, for aught that appears, liable for costs.   In all this there is legal evidence of interest, against which, the opinion of the witness that he has no interest, cannot prevail.

Besides, as will appear in the sequel, the sole fact sought to be proven by this witness, would not (if in evidence) have availed the plaintiff.   The evidence was properly rejected.

2d. It is objected, secondly, that the charge of the Court precluded the jury from finding one-half, or any part, of the land for the plaintiff.   Conceding that the charge of the Court had this effect, plaintiff in error has no reason to complain, unless it appeared that he was entitled, under the law and the evidence, to recover less than the whole interest.   If so entitled, it must have been either upon the demise of Wm.

F. Bond, Deese and Gibson, or upon the demise of James Bond. He could not have recovered upon the former : 1st. Because there was no evidence of title in Deese or Gibson. 2dly. Had there been—had the evidence of Deese been received—the joint demise of Wm. F. Bond, Deese and Gibson, could not have availed the plaintiff, because the evidence showed a severance of their joint interest: 1st. By the deed from Wm. F. Bond to James Bond. 2dly. By the sale, by the sheriff, of Wm. F. Bond's interest in the land. "If a joint demise is laid in the declaration, evidence must be given of a joint interest in the lessors." 2. Greenleaf on Evidence, sec. 317. And the evidence must show this joint interest to have existed at the commencement of the suit.

Neither could there have been a recovery of a part interest upon the demise of James Bond, for the evidence shows that at the time of his purchase of Wm. F. Bond's interest in the premises, there was a judgment lien upon that interest in favor of James Bond, and that, before the commencement of the suit, that interest was actually sold under that judgment by the sheriff, and a title executed to the defendant as the purchaser.

This title the plaintiff in error sought to invalidate, by showing that the judgment had become dormant, notwithstanding the entries upon the *fi. fa.*, showing the contrary. This point in the case was contested on both sides with great zeal. Its merit depended upon the *bona fides* of the following entry, viz : " No property to be found whereon to levy this *fi. fa.*, this, the 4th of August, 1846. Signed William H. Macarthy, sheriff." Plaintiff introduced a witness, who swore that on a certain day, in 1847, he saw the *fi. fa.* at Cassville, when and where the sheriff of Cass county sold a lot of land under the same *fi. fa.*, and examined it carefully, to ascertain whether it had become dormant, and that the above entry of 4th August, 1846, was not upon it. Defendant introduced another witness, who testified that he examined the same *fi. fa.* on the same day, at the same place, and on the same occasion, and that the entry impeached as fraudulent *was* then upon it. Both witnesses stood before

the jury as credible; their testimony conflicted; the jury predicated their verdict upon that of the witness swearing affirmatively, setting aside that of the witness who swore negatively, (though equally credible,) and in so doing they followed the law. The plaintiff was not, therefore, entitled to recover an interest less than the whole.

3d. We have only to consider the last exception, viz: that the verdict was contrary to law, the charge of the Court, and the weight of the evidence. Having found it necessary, in considering the second exception, to show that plaintiff had failed to prove a title to an interest less than the whole, and in so doing, to show that there could be no recovery on the demise of William F. Bond & Co., or of James Bond. We need only add, that as plaintiff himself showed title out of Bohanan, and out of Harris, (the other lessors,) there could have been no recovery on their demises. We think the verdict should not be disturbed.

Let the judgment be affirmed.