THE ETOWAH MANUFACTURING, etc. COMPANY *vs.* ALFORD.

| | |
|---|---|
| 78 | 345 |
| 99 | 148 |
| 78 | 345 |
| 130 | 765 |

Where, in an action of ejectment, a joint demise is laid in the declaration, evidence of a joint interest in the plaintiff's lessors must be given, and without it, there can be no recovery on that demise; and the same rule applies to the statutory form of action when used as a substitue for the action of ejectment.

(*a*) A judgment of nonsuit would have been the proper disposition of this case.

(*b*) Directions given.

December 21, 1886.

Ejectment. Practice in Supreme Court. Before Judge FAIN. Bartow Superior Court. July Term, 1886.

Reported in the decision.

W. K. MOORE; JOHN W. AKIN, for plaintiff in error.

GRAHAM & GRAHAM, for defendant.

HALL, Justice.

This was an action in the statutory form in favor of four plaintiffs for the recovery of the lot of land in dispute. The abstract of title attached showed no conveyance to the plaintiffs jointly and no deed from the grantee of the land to either of his co-plaintiffs, but it did set forth successive deeds from the plaintiff, Gilbert, to his immediate vendee, and from each successive holder to others named in the abstract and to divers others not so named, who, it was alleged, derived title from and under him. The evidence failed to show any joint right in the plaintiffs, and the judge charged the jury, unless this was done, they could not recover. A verdict was returned in favor of the defendant, and thereupon a new trial was moved on numerous grounds and refused, and to this judgment exception was taken. The single ground above mentioned is decisive of this case, and demanded the verdict. It is well-settled, in an action of ejectment, for which this statutory remedy is a substitute, that if a joint demise be laid in the declaration, evidence of a joint interest in the plaintiff's lessors must be given, and without it there can be no recovery on that demise. 2 Greenleaf's Ev. §317; *Bohanan et al. vs. Bonn*, 32 *Ga.* 390. The allegations must be sustained by the proof, and if the plaintiff recovers, he must do so on the title he sets out; if evidence of his title be wanting, or if it is deficient in strength, the possession of the defendant will prevail and defeat his recovery.

A judgment of nonsuit would, we think, have been the proper disposition of the case, but no such motion was made by the defendant, and the court *ex mero motu* did not see proper to give it that direction, and while in that we see no sufficient ground for reversing the decision, yet,

thinking as we do that a nonsuit would have been more consistent with the law and justice of the case, and would better protect the rights of the litigants, we will, as author·ized by the code, §4284, order and direct, if the plaintiffs shall see proper to accept such nonsuit, that they have leave to do so, upon the return of this remittter and before or at the time it is entered on the minutes and made the judgment of the superior court, upon their making known their election to that effect, and in that event, that the verdict and judgment entered thereon be set aside to enable them to avail themselves of the privilege hereby granted; upon condition further, that they pay all cost incurred in the superior court and in this court, as well as the cost for making out and transmitting the record to this court; and with this modification, we order the judgment affirmed.