CLEGHORN *vs.* JOHNSON *et al.*, and *vice versa.*

1. After a year's support has been set apart for the benefit of a widow and children, and no objections have been filed, no order of the ordinary is necessary to allow a sale of property so set apart and the application of the proceeds to the support of the family by the widow.

2. Courts have authority to establish lost office papers and amend their records by any competent evidence, intrinsic or extrinsic.

(*a.*) The usual practice has been to establish lost office papers instanter on motion and without notice; but where the lost paper is a part of a muniment of title to be used in a suit pending in another tribunal, and is vitally material to the prosecution or defence of such case, the better practice is to give reasonable notice of such proceeding to the opposing party.

September 19, 1882.

Year's Support. Title. Lost Papers. Before Judge WELLBORN. Hall Superior Court. February Term, 1882.

Reported in the decision.

F. M. JOHNSON, for plaintiff in error.

H. H. PERRY, for defendant.

SPEER, Justice.

Both sides filed bills of exceptions in this case, and by consent they are heard here as one.

T. J. Johnson, the father of plaintiffs below, died intestate in 1863, leaving a small estate less than $500.00 in value, including the land in dispute. He left as his heirs at law, his widow and five minor children, one of the latter dying a minor and unmarried.

In 1872 the widow of the intestate applied and had assigned her by appraisers duly appointed by the ordinary of the county, as a twelve month's support for her and her children, the whole estate, including the land in controversy. Subsequently in 1872 the widow, to provide a support for herself and children, sold the land to plaintiff in error, Z. T. Cleghorn, for three hundred dollars, which was used for the family.

On attaining their majority, the children, as heirs at law of their father, brought their suit to recover the land thus sold, and under the charge and evidence, the jury returned a verdict in their favor for four-fifths of the premises in dispute. Cleghorn moved for a new trial on the grounds as set forth, which was refused, and he excepted.

The plaintiffs below also excepted and assign error on certain rulings of the court as to the admissibility of certain evidence admitted by the court below on the trial.

The main ground of error relied upon by Z. T. Cleghorn was that the court charged the jury "that the widow could sell her interest, but could not sell the interest of her children in the land set apart by the appraisers for a twelve month's support for the widow and children, but if the jury believed the children received the benefits, they might allow the amount paid for the land to be set off against the rents of said place." In this instruction we think there was error, as was ruled in the case of *Miller vs. Monroe,* 50 *Ga.,* 567, and also reaffirmed in a more recent case of *Tabb et al. vs. Collier,* 68 *Ga.,* 641.

Cleghorn *vs.* Johnson *et al.*, and *vice versa.*

In the last cited case this court said, " If the property so set apart is not adapted to the use of the family, it may, without the aid of courts or chancellors, be converted and made available for the purposes intended. We do not understand that, to be enjoyed, further notices, guardians, and orders are to be obtained, to change land (already given for support) into bread before it is to be allowed. To do so, would consume not less than two months, and in most cases a longer time, in which time the family might come to want."

It is true, in the cases just cited, the ordinary approved the sale, and in this case there was no express approval. Yet the support set apart passed his jurisdiction without objection, and when it finally became fixed and determined by lapse of time, he is not required to exercise further jurisdiction over it, either to approve or disap_ prove any sale made. We think, therefore, there was error in the instructions given by the court to the jury as complained of. We also think the court erred in refusing to charge the jury as requested, "That it was not neces- sary to have an order from the court of ordinary to sell land or property set aside for a year's support, and the property may be used as the widow sees fit." For these causes, we are of opinion a new trial should be allowed to the defendant below.

2. The plaintiffs in the case below also filed their bill of exceptions, assigning error in the court below in admit- ting certain documents purporting to be exemplifications from the court of ordinary in evidence, showing the appli- cation of the widow and order of the ordinary appointing the appraisers to set apart the year's support, in connec- tion with the return of the appraisers making and setting apart said support.

It appears that the application and order appointing said appraisers were established copies in said court of or- dinary in lieu of the originals lost, and they were objected to on the ground " that the order establishing the copies

appeared on its face to have been passed without any written application and without any notice to plaintiffs below, and because there was no authority in the court of ordinary to establish such papers by extrinsic evidence."

The authority of courts to establish lost office papers and amend their records, on motion, by any competent evidence, intrinsic and extrinsic, has too often been recognized by this court to be now questioned. See Code, 3980; 3 Keely, 121; 47 *Ga.*, 195; 62 *Ib.*, 187; 56 *Ib.*, 592; 57 *Ib.*, 249; 61 *Ib.*, 680. And the usual practice has been to establish these papers instanter and on motion without notice. But in a case where the lost record or office paper is a part of a muniment or title to be used in a suit then pending in another tribunal, as in this case, and which is vitally material to the prosecution or defence of the case, we hold that on application to establish such lost record or office paper in another forum, the better practice is for the opposing party to have reasonable notice of such a proceeding. Such practice would seem to conform to the general principle that one should have an opportunity to be heard where his interest, then in issue, is to be affected by the proceeding.

Judgment reversed.