## Echols *et al. vs.* Sparks.

| 79 | 417 |
|----|-----|
| 99 | 148 |
| 79 | 417 |
| 130 | 765 |

On a joint demise in ejectment, the title proved must be joint, or the plaintiffs cannot recover. They must establish the right of possession in *præsenti* to the premises, and such right must exist in each and all of them. If one of the plaintiffs has no title, the co-plaintiffs cannot recover, and such misjoinder of plaintiffs is ground for nonsuit. Where suit was brought to recover certain land which had been devised to a woman for life, with remainder to her children, and it appeared that the plaintiffs were her children and grandchildren, but it did not appear that the parent or parents of such grandchildren were dead, they were not tenants in common with the other plaintiffs, and there was no error in granting a nonsuit.

February 13, 1888.

Ejectment. Title. Tenants in Common. Before Judge Willis. Harris Superior Court. April Term, 1887.

Reported in the decision.

Abercrombie & Bilbro; Goetchius & Chappell; J. M. Russell, for plaintiffs in error.

Willis & Persons; B. H. Walton, for defendant.

SIMMONS, Justice.

It appears from the record in this case that J. W. Echols, Presley Echols, W. H. Echols, Ella Echols, Catherine Moss, wife of Chester Moss, Susan Mahone, wife of James G. Mahone, Alice Colvard, widow, Jennie Freeman, wife of P. H. Freeman, Ida Breedlove, wife of J. P. Breedlove, Walter Breedlove, Wilbur Breedlove, minor children of Sallie Breedlove, deceased, wife of said John P., who sue by their next friend and father, the said John P., brought an action of ejectment against Wilkinson Sparks, in which they alleged "that said Sparks was in possession of a certain tract of land described, aggregating 2,331½ acres, and known as the plantation of William Whitehead at the time of his death, which your petitioners, as remaindermen under the will of said William Whitehead and the heirs at law of said Mary Ann Whitehead, tenants in common, jointly claim an undivided fourth interest, under and by virtue of the will of William Whitehead, deceased, and the possession thereof"; that said Sparks had received the profits of said land since the death of Mary Ann Echols, first of August, 1884, of the value of $1,000 annually; and that he refuses to deliver said lands to the petitioners, or to pay the profits thereof.

The abstract of title under which the petitioners claim is as follows: The will of William Whitehead, deceased, dated November 17th, 1857, and admitted to record by the ordinary September term, 1873; said will giving a fourth interest in the land to Mrs. Mary Ann Echols for life, and the remainder to her children. The plaintiffs are the children and descendants of children of said Mary Ann Echols, who died first of May, 1884. The plaintiffs also claim title to a fourth interest in the land devised to Catherine Whitehead in the sixth item of said will, as heirs at law of Mary Ann Echols, having remainder in fee of same after the death of her mother, said Catherine, who is now deceased.

On the trial of the case the following facts were agreed to by counsel for the plaintiff and defendant, to-wit

"That the plaintiffs are the only children and grandchildren of Mary Ann Echols; that said Mary Ann Echols was the daughter of William C. Whitehead, and a legatee under the will of said Whitehead and is the same Mary Ann Echols referred to in said will; that William Whitehead died in this county in the year 1873, in possession of and owning the land sued for; that his said wife was living with him at his death, and remained in possession of the lands devised to her in said will after his death, which occurred in 1874, in this county; that said Mary Ann Echols died in May, 1884; that the defendant was in possession of the lands sued for at the time this suit was brought."

Evidence was also introduced on the trial that J. W. Murphy and Irby H. Pitts were appointed temporary administrators on the estate of William Whitehead. Subsequently Murphy and Pitts produced before the ordinary of said county the last will and testament of William Whitehead, and they were appointed administrators with the will annexed, it appearing that one of the executors named in the will had died before the death of the testator, and the other had removed beyond the limits of the State.

At the September term, 1873, an order was obtained by the administrator, with leave to sell all the lands belonging to the estate of William Whitehead. At the November term, 1873, upon application of the administrator, the ordinary authorized them to postpone the sale of said land on account of the low price of cotton and the scarcity of money at that time. At the October term, 1874, the ordinary again authorized the sale of the land, without advertising notice of the application. It appears that said lands were sold on the first Tuesday in November, 1874. The will of William Whitehead was also put in evidence. The second, sixth and seventh items of the will are all that need be quoted here. They are as follows:

" ITEM 2.—I give and bequeath to my daughter, Mary Ann Echols, the following property, together with that I have already given her, now in her possession, to-wit: [Certain negroes.] The last named negroes I bequeath to my daughter, Mary Ann Echols, during her

life, and then to revert to her children, with the balance of my estate that may fall to her after my death.

"ITEM 7.—It is further my wish and desire that all the balance of my property or effects in my possession or otherwise, at my death, after paying my just debts, be equally divided amongst my four children mentioned in this my will, or their legal representatives, with the exception of six hundred dollars that I wish my executors, herein appointed, to pay over to the M. E. Church, South, for missionary purposes.

"ITEM 6.—I give and bequeath to my beloved wife during her lifetime, and at her death to revert back to my children mentioned in this my last will, or their legal representatives, the following property, to-wit: [Certain negroes.] I also give her three hundred and fifty acres of land, described as follows: One hundred acres of lot number thirty-six, embracing my house; the tract of land known as the Blount place, fifty acres of lot number sixteen, making in all the above amount." [Also certain personalty.]

The return of the administrator was introduced by the plaintiff, and copies of certain final receipts given to the administrators by the heirs at law of William Whitehead, which need not be set out here. The plaintiffs then closed. On motion of the defendant, the court granted a nonsuit, to which the plaintiffs excepted, and assigned error thereon.

Was the court right in granting the nonsuit? This action was brought by the plaintiffs to recover a fourth interest in certain land devised by William Whitehead to his daughter, Mary Ann Echols, for her life, and after her death to her children. It will be observed, from the agreed state of facts set out above, that this action was brought by the children and the grandchildren of Mary Ann Echols. The facts agreed upon do not show that the parent or parents of the grandchildren were dead. It is plain, therefore, that the grandchildren were not tenants in common with their uncles and aunts, the children of Mrs. Echols, and therefore could not be joined, in a suit for the recovery of this land, with the children of Mrs. Echols. "The general rule is, that only persons may join in bringing an action at law whose interests are joint or united. Hence, on a joint demise, the title proved must be joint, or the plaintiffs cannot recover. To sustain an ejectment, the

plaintiff must establish a right of possession *in præsenti* to the premises described in the complaint. . . . The right of possession must exist in each and all of the plaintiffs, or they cannot recover. If one of the plaintiffs has no title, the co-plaintiffs cannot recover, though they may be vested with the whole title, for the joinder of too many plaintiffs is ground for nonsuit on the trial, whether the action be for a tort or on contract." Sedgwick & Wait on Trial of Title to Land, §187; Cheney *vs.* Cheney, 26 Vt. 606; Dickey *vs.* Armstrong, 1 A. K. Mar. (Ky.) 39; DeMill *vs.* Lockwood, 3 Bla. C. C. 56–61; Murphy *vs.* Orr, 32 Ill. 489; *Wood vs. McGuire,* 15 *Ga.* 202.

The grandchildren of Mrs. Echols having been made plaintiffs in this action with the children of Mrs. Echols, and having no right to bring this suit under the rule above laid down, there was no error in the court's granting the nonsuit.

Judgment affirmed.