McGLAMORY *et al. v.* McCORMICK.

*Simmons, C. J.*—Where a joint action for land is brought by several persons, and the evidence shows that one of them is not entitled to recover, for the reason that as against him the defendant has a good title by prescription, there can be no recovery at all. The rule in such cases is the same whether the action be in the statutory or fictitious form. *Bohanan* v *Bond*, 32 *Ga.* 390; *Etowah Manufacturing Co.* v. *Alford*, 78 *Ga.* 345; *Echols* v. *Sparks*, 79 *Ga.* 417; *DeVaughn* v. *McLeroy*, 82 *Ga.* 689, 713, 714; *Lowe* v. *Suggs*, 87 *Ga.* 577; *Towns* v. *Mathews*, 91 *Ga.* 546.

*Judgment affirmed.*

June 12, 1896. By two Justices. Argued at the last term.

Ejectment.    Before Judge Bower.    Early superior court.    April term, 1895.

This suit was brought on September 11, 1893, to recover lot of land 148 in the 26th district of Early county, containing 250 acres, more or less, by William and Brown Philman and Penny McGlamory, the only surviving children of Case Philman.  It appears that William Philman was born Nov. 12, 1860, Brown Philman April 22, 1866, and Penny McGlamory August 31, 1867; and that they brought suit in ejectment for the same land against the same defendant, John McCormick, on September 12, 1892, and were nonsuited at the April term, 1893, of the superior court of Early county.  Defendant pleaded not guilty, and prescription under color of title for more than seven years. The court directed a verdict in his favor, and plaintiffs excepted.  The testimony in their behalf was as follows: Case Philman went into possession of the land about 1866 or 1867, dug a well and built a dwelling, smoke-house and corn-crib thereon, and held possession until his death three or four years afterward.  His possession was personal up to a short time before his death, when he removed to the plantation of his father near by, leaving in possession a tenant named Hardy Freeman, who remained until the death of Case Philman.  Upon said death, his wife, Celia Phil-

man, sold the land to Levi Glass, she and Glass agreeing that she could do so from the fact that her husband had died leaving her in possession.    She testified that Case Philman had no title to the land, was a squatter on it, and a mere claimant.    William Philman testified that Celia Philman returned to the lot immediately after the expiration of the time of Hardy Freeman, and afterward sold the lot to Glass, who took possession immediately after Celia Philman vacated the same.    Plaintiffs introduced a deed from Celia Philman to Levi Glass, to the lot in question, dated December, 1873, recorded April 2, 1895; deed of mortgage from Levi Glass to R. W. and W. C. Sheffield, dated February 28, 1879, recorded May 8, 1879, to the same lot; sheriff's deed to the same lot to R. H. Powell, dated December 6, 1881, recorded December 31, 1885, reciting that it was made by virtue of a sale in execution of two mortgage *fi. fas.*, one in favor of J. H. Miller, the other in favor of R. W. & W. C. Sheffield *vs.* Levi Glass, both being against said lot; deed from R. H. Powell to Z. I. Fitzpatrick to the same lot, dated December 12, 1885, recorded December 31, 1885; and deed from Z. I. Fitzpatrick to John McCormick to the same lot, dated November 3, 1888, recorded April 3, 1893.

For defendant J. I. Hill testified, that he knew Hardy Freeman at the time he resided on the lot, who told witness that he had bought it; that Celia Philman left the lot about three years before Glass went upon it; and in the meantime the houses had burned down.    About twelve acres were cleared and fenced on this place at the time of Case Philman's death.    William Eason testified, that Case Philman told him, while residing on the lot, that he had no title or scratch of pen to the same; that he was there purposely for the range.    Another witness testified, that there was an interval of two or three years from the time when Celia Philman moved from the lot to the time when Glass moved upon it, during which interval no one was on the

lot and the houses and fences were burned down.    Defendant testified, that Hardy Freeman was in possession when he first knew the premises; knew when Case Philman died; had heard that he had been in possession of the lot; heard all these things at the time; had lived in the neighborhood from 1869 or 1870;   bought in good faith from Powell through Fitzpatrick, believing he was getting a good title; was not positive as to whether he had notice that Mrs. Philman had sold to Glass or not; had heard it since the bringing of this suit; had cleared up about twenty acres on the lot; knew nothing of how Glass got it, when he (defendant) purchased it, except from hearsay.    R. H. Powell testified, that he bought the lot in good faith, knowing nothing of any prior possession of any one, or of any connection of title between Levi Glass and the Philmans; knew nothing of any interest Case Philman or his wife had in same.

*W. D. Kiddoo* and *R. H. Sheffield,* for plaintiffs.
*R. H. Powell & Son,* for defendant.