## ALLEN *v.* LINDSEY *et al.*

1. A transcript of proceedings had in a court of ordinary, establishing a lost record of an application for a year's support, is, on the trial of an action of ejectment subsequently instituted, admissible in favor of one holding under the party at whose instance such proceedings were instituted, when it appears that the record so established is a muniment of title, and that the applicant for the year's support had due notice of such proceedings.
2. When a report of appraisers to set apart a year's support shows that they appraised the entire estate of the decedent and designated the whole of it as the year's support to be allowed, failure to minutely describe in the report the realty belonging to the estate does not render the proceeding void.
3. When a widow applies for a year's support for the benefit of herself and her minor children, and appraisers designate certain property as that which they set apart for such year's support, the mere fact that the report itself purports to allow the property to the widow, without referring to the children, does not render the proceeding void or exclude the children from participation in the benefits of the year's support. On the contrary, the report should be construed in the light of the application.
4. A widow to whom a year's support to herself and her minor children has been allowed and set apart may lawfully mortgage the property embraced therein, for the purpose of obtaining the necessaries of life for herself and her minor children.

Argued April 9,—Decided May 22, 1901.

Ejectment. Before Judge Reagan. Butts superior court. December 21, 1900.

*M. W. Beck, Y. A. Wright,* and *B. P. Bailey,* for plaintiff in error. *John R. L. Smith,* contra.

Lewis, J. James M. Lindsey died in 1879, intestate, owning a tract of land consisting of 57 acres. His widow, with their minor children, lived upon the land, and in 1891 she executed a mortgage on it in consideration of necessaries furnished for her and them. The land was sold under a foreclosure of the mortgage, and in 1898 Allen went into possession of it under deeds from the purchasers. The present suit was an action of ejectment brought to

recover the land from Allen for the children. The defense set up-
on the trial below was that, prior to the date of the mortgage, title
to the property had vested in the widow as a year's support set
aside from the estate of her deceased husband. It seems that the
original proceedings relied on to establish this contention were lost,
and had never been recorded, with the exception of a return of ap-
praisers, which was recorded in 1880. This return recited that
"the appraisers appointed by the ordinary of said county to ap-
praise the property of Jas. M. Lindsey, deceased, herewith trans-
mit the bill of appraisement as follows: 57 acres of land at $5.00
per acre, $285.00, . . all of which we give the widow as her
year's support." The defendant introduced this return in evidence.
He also sought to introduce an exemplification from the records of
the court of ordinary, showing that in 1897 the persons who pur-
chased the land in dispute at the foreclosure sale obtained an order
from that court establishing, in lieu of originals alleged to have
been lost, an alleged copy of an application by Mrs. Lindsey for a
year's support, and of proceedings had in pursuance of the appli-
cation, including an order of the court setting apart the year's sup-
port. Upon objection of counsel for the plaintiff, the court refused
to allow this evidence to go to the jury. Mrs. Lindsey, over the
objection of counsel for the defendant, was permitted to testify that
she had never made an application to the court of ordinary for a
year's support, and had not authorized any one else to do so for
her. She also testified that, shortly after her husband's death, ap-
praisers set apart this land as a year's support to her, and that she
was told that it had been set apart to her and the children. In
her petition to the ordinary she applied for a year's support for her-
self and her minor children. At the conclusion of the evidence
the court directed a verdict in favor of the plaintiffs for five sixths
undivided interest in the land in dispute. There was also a find-
ing of mesne profits sued for. The defendant's motion for a new
trial was overruled, and he excepted.

1. We think that the defendant below should have been allowed
to introduce in evidence the transcript, from the records of the
court of ordinary, of the proceedings establishing the lost record of
the application on behalf of the widow for a year's support. If
such application was made, it established the defendant's conten-
tion that Mrs. Lindsey had a right to mortgage the property in dis-

pute, and hence that his deed from the purchasers at the foreclosure sale conveyed to him a good fee-simple title. This transcript, therefore, was a muniment of title, and as such should have been allowed in evidence. *Cleghorn* v. *Johnson*, 69 *Ga.* 369. It matters not that Mrs. Lindsey testified that as a matter of fact she never made an application for a year's support, and that she had never authorized any one to do so for her. She could not thus collaterally attack a binding judgment rendered in a case to which she was a party in due and legal form. This evidence should have been admitted, and it was error for the court to exclude it.

2. It was argued by counsel for the defendants in error that the report of appraisers which was admitted in evidence did not specifically describe the land which was set apart to the widow, and was therefore void for uncertainty. It will be observed, however, by reference to the excerpt from the report which we have quoted, that the appraisers were "appointed by the ordinary of said county to appraise the property of Jas. M. Lindsey deceased," and that in accordance therewith they " transmitted the bill of appraisement, as follows." The only inference which can be drawn from this language is that the entire estate of the decedent was appraised in the report and set aside to the widow as a year's support. This being true, a more specific description of the land in question was not indispensable; for the appraisers having set apart to the widow all the land of the decedent, the same was capable of identification. It was in such a case admissible, by any competent evidence, to apply the descriptive terms in the report to their subject-matter; and this was in fact done in the present instance, for on the trial below there was really no contention that the land sued for in this ejectment proceeding was not the same land as that which was set apart by the appraisers as a year's support for the widow. See, in this connection, *Stringfellow* v. *Stringfellow*, 112 *Ga.* 494.

3. The fact that the report of the appraisers to which we have already referred purported to set aside the property to the widow, without reference to the children, we do not think, under the facts of this case, renders the proceeding void or excludes the children from participation in the benefits of the year's support. The report should be construed in the light of the application; and while the appraisers omitted the names of the children and mentioned only the widow, we think it evident that they intended to set aside

the property to the widow for the benefit of herself and her minor children. In addition to this, it appears from the evidence that when Mrs. Lindsey went into possession of the property, she was informed that it was intended as a year's support for her and her children, and she took possession of it with that understanding. It also appears that the children enjoyed the benefits of this year's support to as great an extent as they could have done had their names appeared in the report of the appraisers.

4. It is claimed, however, that, even if the property in dispute was granted to the widow and her children as a year's support, the widow was without power to mortgage more than her undivided interest therein and thus divest the minor children of their title to the land. It is to be borne in mind that the mortgage on this land was given to secure money for the necessaries of life. " When a year's support has been set apart by the ordinary from the estate of the decedent, it vests in the widow and children; its object is their support; and if it be in land, the sale thereof and application of the proceeds is a necessary implication, although there is no express provision of law for that purpose. Therefore, where the widow, with the approval of the ordinary, sells land so set apart, and appropriates the proceeds thereof to the support of the heirs at law, they can not recover it because no express power is given to the ordinary to order the sale, or because his approval of such sale was irregular." *Tabb* v. *Collier*, 68 *Ga.* 641. So, also, in *Lowe* v. *Webb*, 85 *Ga.* 731, it was held that where property was set apart to a widow, on her application, as a year's support for herself and her child, she took a legal estate in fee, and the property became subject to levy and sale for the payment of her debts. To the same effect see *Cleghorn* v. *Johnson*, 69 *Ga.* 369; *Steed* v. *Cruise*, 70 *Ga.* 168; *Swain* v. *Stewart*, 98 *Ga.* 366; *Cox* v. *Cody*, 75 *Ga.* 175. It is hardly necessary to add that the right to sell, at least in a case of this kind, implies the right to mortgage; and if, as held in *Lowe* v. *Webb*, supra, the setting apart of land to a widow as a year's support for herself and her children conveys fee-simple title to the widow, there can be no further question as to her right to mortgage the property to raise money to secure the necessities of life.

*Judgment reversed.    All the Justices concurring.*