### SHADDIX *v.* WATSON, executrix, *et al.*

Where several plaintiffs jointly sue to recover land, alleging a joint title, there can be no recovery unless the plaintiffs prove a joint title.

(a) An executrix of a will and the devisees thereunder, who take respectively a life-estate and an estate in remainder, have no such joint title as will authorize a joint recovery of the land devised.

Argued January 16,—Decided June 9, 1908.

Complaint for land. Before Judge Kimsey. Douglas superior court. July 8, 1907.

E. C. Watson as executrix of J. P. Watson, E. C. Watson individually, and Mrs. Lela Smith brought their complaint for land in the statutory form against Nancy Shaddix to recover an undivided half of a described lot of land. The title relied upon by the plaintiffs was a deed from J. T. C. Ataway to Joseph Cruse, executed in 1863. Joseph Cruse died in possession of the land, and it was set apart as a year's support to his widow, Martha Cruse, in 1871. She conveyed the land in 1872 to J. T. Watson and C. C. Morris. Watson died testate, and his will was duly probated in 1890. Under the terms of his will the land in controversy was devised to Mrs. E. C. Watson for life, with remainder to Mrs. Lela Smith. Letters testamentary were issued to E. C. Watson as executrix of the estate of J. P. Watson, and the proof showed that she had not been discharged from the administration of J. P. Watson's estate. The defendant introduced several deeds, beginning with a conveyance from C. C. Morris and J. P. Watson to S. A. Steed, executed in 1876. There was a conflict in the evidence as to whether the deeds under which the defendant claimed title covered the land in dispute. The jury returned a verdict for the plaintiff. The defendant made a motion for a new trial, on the grounds that the verdict was without evidence to support it, and contrary to law. The motion was overruled, and the defendant excepted.

*Roberts & Hutcherson,* for plaintiff in error.

*J. S. James,* contra.

EVANS, P. J. (After stating the facts.)

The suit is brought jointly by Mrs. Watson as executrix of J. P. Watson, by himself individually, and by Mrs. Lela Smith. The title alleged is joint, and in order for them to recover it is necessary that the title proved shall be a joint one. In an action of ejectment brought in the common-law form, where a joint demise is laid in the declaration, evidence of a joint interest in the plaintiff's lessors must be given, and without it there can be no recovery on that demise. This same rule applies to the statutory form of action when used as a substitute for the action of ejectment. *Etowah Mfg. Co.* v. *Alford,* 78 *Ga.* 345; *Echols* v. *Sparks,* 79 *Ga.* 417 (5 S. E. 132); *McGlamory* v. *McCormick,* 99 *Ga.* 148 (24 S. E. 941); *Callaway* v. *Irvin,* 123 *Ga.* 344 (51 S. E. 477). The proof submitted by the plaintiff was prima facie sufficient to show that

the legal title to an undivided half interest in the land in controversy was at one time in the estate of J. P. Watson; and his executrix would be entitled to recover, unless the defendant showed a paramount title. The devisees have no interest in the title until the devise to them is assented to by the executrix, and after such assent the title of the estate is divested; and as the suit was brought by the devisees and the executrix jointly, under the authorities above cited they were not entitled to recover, because they have no joint title. This defect in the plaintiffs' case renders it unnecessary to discuss whether the evidence offered by the defendant was sufficient to show that title passed out of J. P. Watson by virtue of the deeds upon which she relied to establish a paramount title.

*Judgment reversed. All the Justices concur.*