## HUNT *v.* LAVENDER *et al.*

1. The court charged the jury as follows: "I charge you, if you believe that this land sued for in this case was the dower lands of Mrs. Eliza Lavender, and that she died in 1911, and these plaintiffs were the heirs and legatees of Dr. J. S. Lavender, they are entitled to recover, unless some legal reason is shown to the contrary." This charge was not accurate. Evidently by the enumeration of certain facts, and the statement that upon these facts being made to appear the plaintiffs would be entitled to recover, unless some "legal reason" was shown to the contrary, the court meant that upon proving the facts enumerated a prima facie case in favor of the plaintiffs would be made which would authorize the recovery unless rebutted by evidence; and the facts enumerated, even if established by evidence, would not of themselves have made a prima facie case in favor of the plaintiffs.

2. The court's charge, that "An excessive levy is where an officer levies on more property than is necessary to discharge the liens in his hands, with costs," contained a construction of the expression, "excessive levy," that is too restricted, and one which, under the facts of this case, was liable to be misunderstood by the jury, in the absence of an explanation that the levying officer exercises a certain discretion and should be allowed a reasonable margin between the exact value of the property levied on and the amount of the execution in his hands, or some other explanation of a similar purport.

(*a*) A similar criticism might be made of the following charge of the court: "I charge you that a sheriff or other officer can not raise by execution sale a greater amount of money than by the writ he is commanded to make with cost."

3. This was an action for the recovery of land by several coplaintiffs; and there being some evidence authorizing the jury to find that one of the plaintiffs did not own any interest in the lands sued for and was not entitled to recover, upon request the jury should have been instructed to pass upon the question whether that plaintiff was entitled to recover in this action, and should have been directed, in the event they found that he was not entitled to recover, to find against the other plaintiffs. The court refused a written request to charge covering this issue, and the refusal was error.

(*a*) There was no error in refusing the other written requests to charge, under the rulings in the cases of *Richards* v. *Edwardy*, and *Farlinger* v. *Edwardy*, 138 *Ga.* 690 (76 S. E. 64).

4. In the progress of the trial J. S. Lavender, one of the plaintiffs, was asked the following questions: Q. "Isn't it a provision of the will that as the children became of age they were to get their share of the estate?" A. "Yes, sir." Q. "You got yours?" A. "Yes, sir." In excluding this evidence, upon motion of the plaintiffs' counsel, the court did not err. The first answer stated a fact of which there was higher and better evidence. And the first as well as the second answer stated conclusions of the witness which depended upon a construction of a will, and that construction was matter for the court to deal with.

. June 16, 1913.

Complaint for land. Before Judge Daniel. Pike superior court. July 31, 1912.

*E. F. Dupree* and *E. J. Reagan,* for plaintiff in error.

*J. F. Redding* and *C. J. Lester,* contra.

Beck, J. J. S. Lavender and seven other parties, alleging that they were heirs at law of J. S. Lavender, deceased, that they were legatees under the last will and testament of the decedent, and that the administrator of the estate of the decedent gave his consent to the bringing of the suit, filed their petition against Thomas J. Hunt and John Jenkins for the recovery of certain lands of which it was alleged the decedent was seized and possessed at the time of his death, and which were subsequently duly set apart and assigned to Mrs. Eliza Lavender, the widow of the decedent, as dower. The widow died in the year 1911, and after her death in the same year the suit was brought. During the life of the widow the reversionary interest in the dower lands sued for had been sold under executions against the administrator of the decedent's estate; and it is claimed by the plaintiffs that the value of this interest was largely in excess of the executions against the estate, and that the sale

thereunder was absolutely void. Thomas J. Hunt filed his plea and answer, admitting that he was in possession of the lands sued for, and asserting that he had title thereto. The jury returned a verdict for the plaintiffs. The defendant made a motion for a new trial, which was overruled; to which judgment the movant excepted.

1. The following charge of the court is excepted to: "I charge you, if you believe that this land sued for in this case was the dower lands of Mrs. Eliza Lavender, and that she died in 1911, and these plaintiffs were the heirs and legatees of Dr. J. S. Lavender, they are entitled to recover, unless some legal reason is shown to the contrary." This charge was not strictly accurate. It is apparent that the court failed to sum up all the facts which were necessary to constitute a prima facie case in favor of the plaintiffs; and when the court said that if such and such facts appeared plaintiffs would be entitled to recover, unless a "legal reason" to the contrary was shown, it meant that a prima facie case would be made in favor of the plaintiffs when the facts enumerated were established by evidence or admitted in the pleadings; and merely to prove that the petitioners were heirs at law and legatees under the will of the decedent, without showing that they were all of the heirs at law or that by the terms of the will they were the only legatees having an interest in the land sued for, would not authorize a recovery of the entire interest in the property sought to be recovered.

2. The court charged the jury that "An excessive levy is where an officer levies on more property than is necessary to discharge the lien in his hands, with costs." This charge is not strictly accurate. The jury might have understood such instruction to mean that any excess value of the property over the amount of the liens and the costs would render the levy excessive and void; whereas the officer making the levy is allowed a reasonable margin—we might say, a liberal margin between the amount of the writ which he is seeking to have satisfied and the value of the property levied upon (*Roser* v. *Georgia Loan &c. Co.*, 118 *Ga.* 181, 44 S. E. 994); and especially in a case like this, where the property levied upon was a reversionary interest in land, of which the purchaser could not obtain possession until the death of the life-tenant. See, in this connection, 2 Freeman on Executions, 412, and cases cited; Tiernan v. Wilson, 6 Johns. Ch. (N. Y.) 411.

A similar criticism might be made of the following charge of the

court: "I charge you that a sheriff or other officer can not raise by execution sale a greater amount of money than by the writ he is commanded to make with cost." While this charge is in the exact language used in the 4th division of the opinion in the case of *Parker* v. *Glenn, 72 Ga.* 647, it is only a part of the sentence, and the context leaves no doubt that the officer in making the levy is allowed to exercise a sound discretion and is given some margin.

3. This was a joint action for the recovery of land; and if the evidence showed that one of the joint plaintiffs could not recover, then none could recover. *Shaddix* v. *Watson,* 130 *Ga.* 764 (61 S. E. 828). Under the evidence there seems to be some doubt as to whether J. S. Lavender, one of the joint plaintiffs, had received his share of the estate, and having received it was thereby excluded from any further participation in the subsequent distribution of the remainder of the estate. He testified that he had received 100 acres of the land of which his father died seized and possessed; the entire acreage of land belonging to the estate amounting to some 800 or 900 acres; and whether this 100 acres which the party last referred to received was his entire share of the estate of his father, or only his part of it exclusive of the interest in the reversion of the dower lands, may be made clearer upon the next trial. But the question whether or not J. S. Lavender had any further interest in the estate was one for the jury; and therefore the court should have given in charge the following, as requested: "If you be-lieve from the evidence that the plaintiff J. S. Lavender had his share of the estate of J. S. Lavender, deceased, that was coming to him under the will, and he received the same and applied the same to his own use, he would not be entitled to recover in this case; and if he can not recover, none of the plaintiffs can, and you should find for the defendant."

The other requests to charge were properly refused. The propositions of law contained in them are ruled upon in the cases of *Richards* v. *Edwardy,* and *Farlinger* v. *Edwardy,* 138 *Ga.* 690 (76 S. E. 64).

4. In the progress of the trial J. S. Lavender, one of the plaintiffs, was asked the following questions: Q. "Isn't it a provision of the will that as the children became of age they were to get their share of the estate?" A. "Yes, sir." Q. "You got yours?" A. "Yes, sir." This evidence, upon motion of the plaintiffs' coun-

sel, was excluded. In excluding it the court did not err. The first answer stated a fact of which there was higher and better evidence. And the first as well as the second answer stated conclusions of the witness which depended upon a construction of a will, and that construction was matter for the court to deal with. This was not an effort to show that the witness had settled with the legal representatives of the estate and accepted that portion of the land which they showed he had received as being in full of all his claims against the estate, including any interest in the dower lands, so that in no event would he have any further claim on the estate; but when the two questions are taken together, they amount merely to asking the opinion of the witness as to what the will authorized him to receive, and wheher he had received what was so authorized.

*Judgment reversed. All the Justices concur.*