## BANK OF CUTHBERT *v.* TAYLOR.

It not appearing that the money which was borrowed by one to whom, together with her minor daughter, a year's support had been set aside (and which loan was secured by mortgage) was used for the support of the beneficiaries of the year's support or either of them, and it further appearing that the widow had died leaving this minor daughter surviving, and that she is in possession of the property so set aside, it was not error under the facts of this case to dismiss the levy of the fi. fa. issued upon said mortgage.

No. 4089. APRIL 30, 1924.

Claim. Before M. C. Edwards, judge pro hac vice. Randolph superior court. November 8, 1923.

*Glessner & Collins,* for plaintiff.

*C. W. Worrill* and *H. A. Wilkinson,* for defendant.

RUSSELL, C. J. The cause under review is one in which a described house and lot in the city of Cuthbert was levied upon under a mortgage fi. fa. in favor of the Bank of Cuthbert and against A. C. Bridges in his representative capacity as administrator of the estate of Mrs. A. C. Bridges. The property was claimed by Myrtle Taylor, a minor represented by her guardian, Nannie M. Taylor. It appears from the record that the house and lot was at one time the property of one W. S. Taylor, who died intestate on September 17, 1916, leaving a widow, Mrs. W. S. Taylor, and one minor child, Myrtle Taylor, the present claimant. At the

November term, 1918, the house and lot in question (as well as other property) was set aside as a year's support to the widow and said minor, the claimant. On July 1, 1919, Mrs. Taylor was duly appointed as guardian of Myrtle Taylor, and qualified on September 17, 1919. On July 3, 1919, the widow, Mrs. Taylor, married A. C. Bridges; she died on June 6, 1920; and on November 6, 1920, Nannie M. Taylor qualified as the guardian of the person and property of Myrtle Taylor. On December 8, 1919, the house and lot in Cuthbert which had been set apart as a year's support to the widow and minor daughter was mortgaged to the Bank of Cuthbert to secure a note for $2,160, signed "Mrs. A. C. Bridges." On November 6, 1922, the mortgage was foreclosed in the name of the Bank of Cuthbert against A. C. 'Bridges, as administrator of the estate of the deceased Mrs. A. C. Bridges, the second husband of Mrs. Taylor being A. C. Bridges, and he having qualified as her administrator on August 6, 1920. The rule absolute upon the mortgage foreclosure was granted on May 7, 1923, and directed that recovery be had and levy made upon "certain lands and tenements . . formerly owned and occupied by Mrs. A. C. Bridges, deceased, and now in possession of A. C. Bridges as her duly appointed administrator," to wit, the house and lot in controversy, for the recovery of $1,787.65 principal, etc. It was against this mortgage fi. fa. that the claim of the guardian in behalf of the minor Myrtle Taylor was interposed; and the single question presented is whether the court erred in dismissing the levy under the agreed statement of facts and the additional testimony introduced.

When the house and lot in controversy, in November, 1918, was set aside as a year's support, the title thereto vested in Mrs. W. S. Taylor and the claimant, her minor child Myrtle. Civil Code (1910), § 4044; *Howard* v. *Pope,* 109 *Ga.* 259 (34 S. E. 301). A year's support is claimed solely for the support of the beneficiaries; and if it is not used for that purpose and a beneficiary dies, the right of possession vests in the surviving beneficiaries. In *Whitt* v. *Ketchum,* 84 *Ga.* 128 (10 S. E. 503), this court held that "allowance from the estate of a decedent for a year's support, if not consumed during the year, will stand over for the support of the widow and minors afterwards, so long as they are members of the family and fill this description. Children attaining ma-

jority or ceasing by marriage to be of the family, cannot, during that time, coerce partition of land thus allowed and set apart, the whole land being charged with the support of the family." Chief Justice Bleckley, delivering the opinion of the court, said "The support contemplated by section 2571 [now § 4044] of the code is that of the widow and the minor children for twelve months. But if the allowance be set apart, not severally to each member, but to the family as a whole, and all of it is not consumed, we think the residue, whether in money or property, stands over to be used afterwards by the widow and such of the children as continue minors, until there is no longer either widow or minor in the family. If the allowance be in land, it is not subject to partition, so long as there is either a widow or minor child to be supported. The land is subject to sale by the widow for the purpose of deriving a support from it for herself and any minor child, and this right she could not exercise consistently with the right of any of the children to have partition, so long as there is a minor child to be supported. This view of the law is, we think, not only consistent with the scheme of the statute, but is harmonious with the cases heretofore decided by this court on the general subject, some of which are: *Tabb* v. *Collier*, 68 *Ga.* 641; *Cleghorn* v. *Johnson*, 69 *Ga.* 369; *Steed* v. *Cruise*, 70 *Ga.* 168; *Woodbridge* v. *Woodbridge*, 70 *Ga.* 733; *Cheney* v. *Cheney*, 73 *Ga.* 66; *Stewart* v. *Stewart*, 74 *Ga.* 355; *Cox* v. *Cody & Co.*, 75 *Ga.* 175; *Farris* v. *Battle*, 80 *Ga.* 187; *Brown* v. *Joiner*, 80 *Ga.* 486."

In *Dickerson* v. *Nash*, 74 *Ga.* 357, this court held: "Where a widow had set apart to her as a year's support the entire estate of her deceased husband, consisting in part of realty and in part of personalty, and, having consumed the entire personal estate, died, the title to the land vested in the minor children of the deceased husband, and was not subject to sale by the administrator of the widow." In this connection see *Roberts* v. *Dickerson*, 95 *Ga.* 727 (22 S. E. 654), in which it was held, in a case where the year's support was granted to a widow and minor son, that a minor child for whose benefit in part a year's support was granted shared with the mother in the title, but after attaining majority the child could not, while the mother remained upon the land, coerce a partition of the land, the whole of it being charged with the support of the family; and that the administrator of the son's

estate could not sell or otherwise administer an undivided half of the land as the estate of the son while the mother remained upon the land. *Miller* v. *Ennis,* 107 *Ga.* 663 (34 S. E. 302), was a case in which one of the children for whose benefit, together with her mother, there had been set apart a year's support in money, sought to recover for her own separate use a part of the money set apart; and in which this court held the plaintiff not entitled to recover, though the child had married and moved to her husband's home. In delivering the opinion of the court, Mr. Justice Little held: "The support of the widow and minor child of a decedent is one of the highest charges against his estate. The period for which this support shall be continued is one year, unless the estate is to be kept together for a longer time than twelve months, and there are no debts to pay. . . The object of the statute is to afford to those who are dependent upon the husband and father provision for at least one year after his death. This right of support inures to the widow alone if there are no minor children, and to the minor children alone if there is no widow. . . Under the provisions made for a year's support, it is not the object and intention of the law to divide the estate of the decedent among his widow and children, but out of the estate of the husband and father must first come a provision by which the dependent and helpless will at least be provided for during a limited period. The amount set aside to the widow and her minor child is in gross, and no specific portion can justly be claimed by either the widow or the child; they are alike entitled to a support out of the fund. It is provided by our Civil Code, § 3468 [now § 4044], that property so set apart by the appraisers shall vest in the widow and child or children. In case there are children only, and no widow, then the provision of the same section vests the property set aside in such children, share and share alike. This distinction is significant as showing that in the case of a widow and child the use of the entire property is a joint one, that out of it both are to be supported, and neither one to the exclusion of the other." See also *Miller* v. *Miller,* 105 S. 305 (31 S. E. 186).

From the cases cited as well as from other decisions of this court there is to be deduced the principle that there can be no subdivision of the several interests of different beneficiaries of a year's support as long as there is a beneficiary, either as widow or

minor, to whose use for support the law has dedicated the property. The tract of land in the present case was set aside as a year's support to Mrs. Taylor and Myrtle, the minor. It was not consumed for the purpose of their support. Mrs. Taylor died, and at once the use of the property and title for that purpose devolved upon the minor, not subject to be divested even by the administrator of the mother's estate, as held in *Roberts* v. *Dickerson,* supra. Certainly, if it could not be divested or sold by the administrator of her mother to pay her debts, neither could the sale be enforced by the creditors to collect debts on their own account by judgment against him. ·Certainly the whole of the year's support could not in any event be sold under the mortgage foreclosure, if the minor had a half interest in this property in common with her mother, and she was not liable for her mother's debts. The half interest of the mother could not be reached, because, as pointed out in the *Whitt* case, supra, and others, property set aside as a year's support is not subject to partition. The trial judge correctly held that the levy of the fi. fa. should be dismissed. Ordinarily in claim cases the burden of proof devolves upon the plaintiff in fi. fa., except where the property is in possession of the defendant in fi. fa. at the time of the levy. In the present case the evidence shows that the property was not in the possession of the administrator of Mrs. Bridges, but in the possession of the claimant; and it appears from the record that the plaintiff in fi. fa. (as indeed it was compelled) assumed the burden of proof. It therefore devolved upon the plaintiff in fi. fa. to establish that the administrator had title to the property in dispute; and under the principle of law already stated, as applied to the undisputed facts, the plaintiff entirely failed to show either that Mrs. Bridges had title or that she had even a leviable interest in the house and lot in question.

It is true that it has been held that a widow may mortgage a year's support for the purpose of obtaining the necessities of life for herself and family. *Allen* v. *Lindsey,* 113 *Ga.* 521 (4) (38 S. E. 975). Under this principle the plaintiff in error would have sustained its contention that the title was in Mrs. Bridges at the time she made the note and mortgage, and that she had the right to execute the mortgage under a foreclosure and sale of which her title would be divested, provided the plaintiff established that

the note and mortgage were based upon a debt created to raise money to secure the necessities of life. This the plaintiff in error failed to do. There is no evidence in the record from which it can be inferred that the debt was other than the individual debt of the widow in running a plantation, and no evidence to show that the consideration of the note was for money to be used in the support of the minor. A widow's pre-existing individual debt cannot be lawfully paid out of a year's support. *Hill* v. *Van Duzer,* 111 *Ga.* 867 (3) (36 S. E. 966). The officer of the bank testified that the amount loaned was $2,000. Of this a portion was in payment of a pre-existing note for $700, and no testimony throws any light on what was the consideration of the $700. As to this, the court properly excluded the testimony of the officer of the bank as to his opinion that the loan was made to her to defray her expenses, and likewise properly refused to permit the witness to testify for what purpose Mrs. Bridges said she wanted it, upon the ground that the same was hearsay and not binding upon the claimant as a statement coming from her agent. As has already been ruled, Mrs. Bridges was in no sense an agent of the minor, because under our rulings the widow has absolute power to either sell or mortgage the land for the purpose of support, with no right of interference or objection on the part of minor children. As to the $700 note which was included as a part of the $2,000 note, it appears that the loan was made on June 5, 1919. The court sustained similar objections upon the ground that at the time of making the note she had not been appointed guardian of her minor child, and therefore could not have been acting in·that capacity. However, it appears from the bill of exceptions that the witness was permitted to testify to what Mrs. Bridges said, and why the bank loaned her the money, although not the purpose for which she borrowed it; the latter apparently upon the ground that it would be a mere conclusion of the witness.

After this ruling the witness testified: "Mrs. Taylor said she needed some money; she was then living here in Cuthbert, and had been doing business with me. I expect I had known her for eight or ten years prior to that. I knew of no means other than her farm to support her child and herself. Yes, I did know at that time that there was a year's support, and that she and her daughter were living in the house. When that note matured it was re-

newed." The $2,000 represented by the note and mortgage of December 8, 1919, "went in payment of this $700 note and an overdraft she had incurred in the name of Mrs. ,W. S. Taylor. The balance was advanced to her account. I think, when she paid the bank the note and overdraft she had, there was a $900 credit. She said she needed it [the balance of $900] to pay grocery bills and dry-goods bills she had incurred, and perhaps taxes." On cross-examination the witness testified that he had sworn that he knew of no other means of support of Mrs. Bridges at the time he took the note, except her farming business, but admitted that she did have a husband on December 8, 1919, though he stated he did not know he was supporting her. He further testified: "When I took the note of 'Mrs. A. C. Bridges,' I knew she was married. I said I hadn't seen any evidence of support. It was not my business to see about it; it was her business to get support when she didn't have it." We think that this evidence (regardless of the evidence introduced by the claimant to the effect that in the year 1919 Mrs. Bridges was operating a plantation of between 600 and 700 acres, on which she sustained a heavy loss on account of crop conditions, and the evidence of her husband, A. C. Bridges, who was employed in a responsible and lucrative position, that he supported his wife that year and that the minor lived with them) was insufficient to show that the money borrowed on the mortgage was for the support of the widow and minor child; and therefore the plaintiff did not carry the burden it had assumed of proving that the property should be subjected to the mortgage fi. fa. for the reason that the money obtained was used for the purchase of the necessities of life. In the opinion of the writer, while one furnishing necessaries for the support of the beneficiaries of a year's support may be protected in the collection of his money, still, in view of the numerous decisions that the interest of different beneficiaries cannot be separated or partitioned, it would seem that a fi. fa. issuing upon the foreclosure of a mortgage at law would be subject to dismissal, although by a foreclosure in equity on a proper equitable petition the property might be subjected to the payment of a debt for any necessaries required for the support of the family.

*Judgment affirmed. All the Justices concur.*

Hines, J., concurs in the result.