PLANTERS BANK *et al. v.* GEORGIA LOAN & TRUST COMPANY.

HINES, J. 1. Where an improved and cultivated tract of land, containing 50 acres, was levied upon and sold under a tax fi. fa. for the principal sum of $19.92 and interest and costs, and where the holder of a deed from the defendant in the tax fi. fa., of older date than the tax execution, made to secure a loan of $500 which had not been paid, filed its petition against the purchaser at the sale, after the expiration of the time in which the owner or such creditor could have redeemed this land from the tax sale, the creditor having no knowledge of the sale until after the period of redemption had expired, in which petition the creditor tendered to the purchaser at the tax sale the sum of $43, the amount at which such purchaser bid in said land at such sale, with interest thereon at the rate of 10 per cent. from the date of sale to the date of the institution of suit, and sought to have the sheriff's deed set aside and canceled on the ground that the levy was excessive, in consequence of which the sale was fraudulent as to the creditor; and where on the trial of the case it appeared from the evidence introduced by the petitioner that the land was worth from $600 to $1500, and from evidence introduced by the defendant that the land was worth from $200 to $500; and where from the evidence introduced by the plaintiff it appeared that the land could have been subdivided by cutting off a strip, the whole length of the tract, which was rectangular in shape, sufficient to pay the taxes, and that a five-acre strip from the north side of the lot would have been sufficient to raise the amount of the tax fi. fa.; and where the defendants introduced testimony tending to show that a five-acre strip one acre wide and five acres across the north side of the tract would not be worth anything, but such testimony not showing this farm incapable of subdivision: *Held:*

(*a*) Such levy was illegal and void because excessive, and in consequence the sale was void. *Williams* v. *Forman,* 158 *Ga.* 89 (5) (123 S. E. 20).

(*b*) While the officer levying a tax fi. fa. can exercise a reasonable discretion as to the sufficiency of the property to pay the execution, and should be allowed a reasonable margin between the value of the property levied upon and the amount of the tax fi. fa. (*Roser* v. *Georgia Loan & Trust Co.,* 118 *Ga.* 181, 44 S. E. 994; *Hunt* v. *Lavender,* 140 *Ga.* 157 (2) 78 S. E. 805), under the facts of this case the levying officer abused his discretion in not subdividing the tract and selling a less portion than the whole.

(*c*) The evidence demanded a· finding that the tract was capable of subdivision.

2. It appeared from the evidence introduced by the plaintiff and defendant that the Planters Bank of Donalsonville, the purchaser at the tax sale, had, after the period of redemption had expired, bargained this land to the husband of the defendant in the tax fi. fa. for $522, said amount being the sum due the bank by the wife with interest thereon and the amount at which the bank had bid off this land at said sale. At the conclusion of the evidence, the court announced that it would entertain a motion to make the purchaser from the bank a party defendant. Thereupon plaintiff presented its application to make said purchaser a party defendant, and prayed that the bond for title made to him by the bank be delivered up and canceled. On said application the court passed an order requiring such purchaser to show cause instanter why he should not be made a party defendant, and why his bond for title should not be canceled. Said purchaser was then called, and said appplication was read to him. The court then passed an order making him a party defendant and directing the trial to proceed. Said party then orally moved to dismiss the petition so far as it applied to him, because it was insufficient in law and set out no adequate facts entitling plaintiff to the relief prayed. The court overruled this motion, and ordered the case to proceed to trial; the judge announcing that he would consider an answer, denying each and every allegation of the petition affecting his rights in the premises, filed by said defendant. To this ruling this defendant filed his exceptions pendente lite, and error is assigned thereon in the bill of exceptions in this case. In their motion for new trial, the defendants allege, among other things, that the court erred in ordering said defendant to go to trial at once upon being made a party defendant to this cause. The court overruled the motion for new trial, and error ·is assigned thereon. *Held:*

(*a*) The petition was sufficient in law and set out adequate facts entitling the plaintiff to the relief prayed against the defendant so made a party to this cause.

(*b*) If the new party had objected to proceeding with the trial of this case upon so being made a party defendant thereto, it would have been erroneous for the judge to proceed with the trial over his objection, for the reason that he would have been entitled to the same time within which to prepare for trial as if he had been one of the original defendants to the cause. Civil Code (1910), § 5602. Not making such

objection before proceeding with the trial, and after orally moving to dismiss the petition because it set forth no cause of action as to himself, this defendant could not, for the first time, raise the point, in his motion for new trial, that the court erred in directing that the case proceed to trial immediately upon his being made a party defendant.

(c) As under the evidence a finding was demanded in favor of the plaintiff, the order of the court directing that the case proceed at once to trial after said party was made a defendant thereto was harmless, even if it appeared that his objection to proceeding with the trial had been timely made.

(d) There is no merit in the other grounds of the motion for new trial.

3. Applying the above principles, the court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*

No. 4607. MARCH 11, 1925.

Equitable petition. Before Judge Custer. Seminole superior court. October 4, 1924.

*W. L. Bryan*, for plaintiffs in error.

*Hartsfield & Conger*, contra.