ANDERS *et al.* v. FIRST NATIONAL BANK OF BARNESVILLE *et al.*

ATKINSON, J. Certain land was set apart from the estate of a deceased person, as a year's support for his widow and minor children. Subsequently the widow executed separate deeds purporting to convey the land to three persons severally, the grantor remaining in possession. After this the widow, individually and as next friend of the minor children, in conjunction with one of the children who had attained majority, instituted an equitable action against the three grantees, seeking to cancel and set aside the deeds, and to have title to the property decreed to be in the plaintiffs as beneficiaries under an order setting apart the year's support. The ground of attack upon the deeds was that they were given as security for debt, the debts not having been created for the support or maintenance of the widow and children, but being pre-existing personal debts of the widow alone. The defendants filed separate answers in which the allegations in respect to the nature of the debts for which the deeds were given were denied. It was averred that the debts were for the support of the widow and minor children, and that the deeds were valid and binding as securities upon the land set apart as a year's support; and it was prayed that the land be subjected to the payment of the debts. A verdict was returned for the defendants. The exception is to the overruling of the plaintiff's motion for new trial. *Held:*

1. The right to a support for the widow and minor children, provided for in the Civil Code (1910), § 4041-4044, is absolute (*Miller* v. *Miller,* 105 *Ga.* 305, 31 S. E. 186; *Goss* v. *Harris,* 117 *Ga.* 345, 43 S. E. 734), and vests in such widow and minor child or children "upon the death" of the husband. *Brown* v. *Joiner,* 77 *Ga.* 232 (3 S. E. 157); *Swain* v. *Stewart,* 98 *Ga.* 366 (25 S. E. 831).

2. The widow may incur, for support of herself and minor children of her deceased husband, a debt that will be enforceable against property set apart from the husband's estate as a year's support.

---

Appeal and Error, 4 C. J. p. 1029, n. 30.

Executors and Administrators, 24 C. J. p. 243, n. 51; p. 270, n. 72, 78; p. 273, n. 11 New.

New Trial, 29 Cyc. p. 821, n. 36.

Trial, 38 Cyc. p. 1779, n. 75.

(*a*) As the right of the widow and minor children to a year's support to be set apart from the estate becomes absolute and vested upon the death of the husband and father, the widow may, after the death of husband and prior to the setting apart of the year's support for them, incur a debt for support of herself and the minor children, and the debt so incurred will be enforceable against property subsequently set apart for their support from the estate of the decedent.

(*b*) So far as incurring a debt for the support of the widow and minor children is concerned there is no ground for difference between incurring the debt before the year's support is set apart and after it is set apart. The necessity therefor may be as urgent in the one case as in the other.

3. Such a debt may be incurred by the widow in a farming or other enterprise, where the enterprise is carried on for the support of the widow and minor children (*Sexton* v. *Burruss*, 144 *Ga.* 192, 86 S. E. 537; *Phillips* v. *Cook*, 158 *Ga.* 151, 123 S. E. 108; *Patterson* v. *Swift*, 163 *Ga.* 297 (2), 136 S. E. 68); and whether or not the enterprise was a failure. *Jones* v. *Wilkes*, 146 *Ga.* 803 (92 S. E. 517).

4. Where land has been set apart as a statutory year's support for a widow and minor children, title to the land vests in the widow and minor children, subject to the power of the widow alone to convey in fee simple or mortgage the land for support of herself and minor children. *Bridges* v. *Barbree*, 127 *Ga.* 679 (56 S. E. 1025); *Cleghorn* v. *Johnson*, 69 *Ga.* 369; *Phillips* v. *Cook, supra; Allen* v. *Lindsey*, 113 *Ga.* 521 (38 S. E. 975); *Bank of Cuthbert* v. *Taylor*, 158 *Ga.* 237 (123 S. E. 262).

5. Under application of the principles announced in the preceding notes, where a person dies leaving an estate and a widow and minor children, and the widow incurs debts for the support of herself and the minor children before or after a statutory year's support is set apart for them under the Civil Code (1910), §§ 4041-4044, some of the debts being for merchandise and the like purchased for the family, and some for money borrowed to operate a farm for support of the family, although the farm is operated at a loss and consequently does not afford a support to the family, and although some of the debts have been created prior to the setting apart of the year's support, if the widow, after the setting apart of the year's support for herself and the minor children, execute security deeds conveying the land so set apart as security for the debts, such conveyance will be within her power and binding upon her and the children. The case differs from *Hill* v. *VanDuzer*, 111 *Ga.* 867 (36 S. E. 966), and similar cases in which the antecedent debt was not created for the support of the widow and minor children.

6. The assignment of error upon the admission of evidence is without merit.

7. In so far as any of the grounds of the motion for new trial complain of excerpts from the charge as not properly stating the contentions of the parties, or as invading the province of the jury, or as not being properly adjusted to the pleadings and evidence, they are without merit.

8. The charge, "The title to this property, . . under the law, vests in the widow, and she is the one to manage and control, and, if need be, to dispose of the property if she thinks best in her discretion, for the use and support and maintenance of herself and her minor children," was inaccurate in so far as it stated that the legal title vests in the

widow alone; but that expression taken in connection with what followed, did not afford cause for reversal. In the circumstances of the case the important question was, not whether the title vested solely in the widow, but whether she conveyed or mortgaged it for support of herself and her minor children; upon which question the instruction was correct.

9. Various other exceptions to excerpts from the charge show no error.

10. The evidence was sufficient to support the verdict, and the judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 6095. FEBRUARY 16, 1928.

Equitable petition. Before Judge Persons. Lamar superior court. May 11, 1927.

*H. J. Kennedy,* for plaintiff in error.

*E. O. Dobbs* and *Claude Christopher,* contra.