POWELL *et al.* v. PORTER *et al.*

ATKINSON, Presiding Justice. 1. "Where several plaintiffs jointly sue to recover land, alleging a joint title, there can be no recovery unless the plaintiffs prove a joint title." *Shaddix* v. *Watson*, 130 *Ga.* 764 (61 S. E. 828), and cit.; Powell on Actions for Land, 58, § 27, and notes. All or none must have right to recover. *Hunt* v. *Lavender*, 140 *Ga.* 157 (3) (78 S. E. 805). This was a joint action at law by tenants in common to recover land, and the above principle applies.

2. "Where land has been set apart as a statutory year's support for a widow and minor children, title to the land vests in the widow and minor children, subject to the power of the widow alone to convey in fee simple or mortgage the land for support of herself and minor children. *Bridges* v. *Barbree*, 127 *Ga.* 679 (56 S. E. 1025); *Cleghorn* v. *Johnson*, 69 *Ga.* 369; *Phillips* v. *Cook*, 158 *Ga.* 151 (123 S. E. 108); *Allen* v. *Lindsey*, 113 *Ga.* 521 (38 S. E. 975); *Bank of Cuthbert* v. *Taylor*, 158 *Ga.* 237 (123 S. E. 262)." *Anders* v. *First National Bank of Barnesville*, 165 *Ga.* 682 (4) (142 S. E. 98).

3. The allegations of the petition showing an absolute deed by the widow, conveying the land to the grantee therein, fails to allege any reason why it was not binding on her. In such circumstances the petition failed to allege a cause of action at least as to the widow, one of the tenants in common, suing jointly to recover the land. Accordingly the action fails as to all the plaintiffs. The judge did not err in sustaining the demurrer and dismissing the action.

*Judgment affirmed. All the Justices concur.*

No. 12829. NOVEMBER 17, 1939. REHEARING DENIED DECEMBER 5, 1939.

*Davis & Friedin,* for plaintiffs.   *J. W. Dennard,* for defendants.