## LAMAR, administrator, *vs.* SHEFFIELD.

Where ejectment was brought by an administrator, his letters were not rendered inadmissible because they did not mention realty. The province of letters of administration is to prove the appointment; the law clothes the administrator with authority.

Ejectment. Evidence. Administrators and executors. Before Judge HOOD. Miller Superior Court. October Term, 1880.

Reported in the decision.

FLEMING & RUSSELL; WARREN & HOBBS; V. B. BAUGHN, by JACKSON & LUMPKIN, for plaintiff in error.

No appearance for defendant.

SPEER, Justice.

G. De R. Lamar, as the administrator of G. B. Lamar, brought suit in ejectment against defendant to recover lot of land number forty-five, in the thirteenth district of Miller county. He offered and read in evidence a copy plat and grant from the state to his intestate for the lot in dispute (having previously shown the loss of the original). It was admitted that G. B. Lamar was dead at the commencement of the suit. Plaintiff then offered in evidence a duly certified copy of his letters of administration issuing from the court of Chatham county. The same were objected to, because the letters granted to plaintiff power and authority "to administer all and singular the goods, chattels and credits" of the deceased, but did not mention or include realty. The objection was sustained by the court, and the letters rejected. Plaintiff having closed his case, invoked a decision of the court as to what direction he would give the case. Defendant asked for a verdict, which the court allowed. Defendant moved a new trial, upon the ground that the court erred in reject-

. ing the letters offered as evidence, and also in allowing a verdict to be returned by the jury for the defendant; which motion the court overruled, and plaintiff excepted, and assigns the ruling and action of the court as error.

" Upon the appointment of an administrator the right to the possession of the whole estate is in him, and so long as such administrator continues, the right to recover possession of the estate from third persons is solely in him." Code, §24ʼ5.

" Realty descends directly to the heirs, subject to be administered by the legal representative, if there be one, for the payment of debts and the purpose of distribution. If there be a legal representative, the right to recover is in him ; if there be none, the heirs may sue in their own name." Code, §2246.

We think on the appointment of plaintiff as administrator, the law clothed him with the right to sue for and recover the realty of his intestate without reference to the power apparently conferred in the letters. On his appointment the law clothes him with this power. His letters are merely the evidence, issued for his convenience, when necessary to establish his representative character. When the law confers this grant of power on the representative, the mere omission of a word in his letters cannot affect, modify or lessen it. The judgment of the court appointing him as administrator usually determines the limit and character of his appointment. Under our law real and personal property are placed upon the same footing, any estate that may be created in the one may be created in the other, and the rules of construction as to both shall be the same. Code, §2245.

So the law that upon the appointments of an administrator gives him the right to the possession of the whole estate applies equally to the realty as to the personalty. The word " estate " is the quantity of interest which the owner has in property, and is applicable equally to realty and personalty. Code, §2245. The word " property "

includes real and personal property.   Code, §5.   In our judgment the appointment of the plaintiff in error as the administrator of G. B. Lamar gave him the right to the possession of his whole estate within the limits of this state, and having the right to the possession, he had the right under such appointment to sue for the same, so as to recover the possession.   We think, therefore, the court erred in rejecting the letters of administration offered, on the ground stated in the record.

As to the other question, whether the court should have entered a non-suit in the case, instead of allowing the defendant to recover a verdict, as in our opinion the verdict should be set aside and a new trial granted, it becomes unnecessary to pass upon this question.

Let the judgment of the court below be reversed, and a new trial granted.

Judgment reversed.