## DEUBLER *v.* HART.

1. In an action of ejectment in the common-law form, where a demise is laid in an executor, the appointment and qualification of the executor is a necessary part of the plaintiff's title. The usual way of proving them is by the introduction in evidence of the lessor's letters testamentary.

(a) Where the same person is both executor and testamentary trustee under a will, but the title to the property devised is placed in him as trustee, in a suit to recover realty so left, a demise in the name of the executor is not available.

2. In order to recover on a joint demise, it is necessary to show title and a right of entry in each and all of the persons named as lessors in that count.

3. At common law an executor suing in ejectment was required to make profert of the will; but that rule is abrogated by statute. Nevertheless, where one of the plaintiff's lessors is an executor, the will would not be so irrelevant that its reception in evidence would require a new trial.

4. The exemplification of bankruptcy was admissible as bearing on the issue made as to the execution and delivery of a deed by the bankrupt anterior to the adjudication.

APRIL 18, 1913.

Ejectment. Before Judge Worrill. Terrell superior court. February 3, 1912.

*H. A. Wilkinson,* for plaintiff in error. *M. C. Edwards,* contra.

EVANS, P. J. The action was ejectment in the common-law form. Two demises were laid; one in the name of M. A. Hart, executrix of T. J. Hart, and the other in the name of Mrs. M. A. Hart, Tom Hart, and Ed Hart, heirs at law of T. J. Hart. The defendant pleaded not guilty; and that he is the owner of the premises in dispute by virtue of a deed from T. J. Hart, dated November 8th, 1875, and continuous possession thereunder from the date of its execution to the filing of the suit. The jury returned a general verdict for the "plaintiffs." The court refused to grant a new trial, and the defendant excepted.

1. An insuperable obstacle to upholding the verdict is that neither of the plaintiff's lessors was shown to have a right of recovery. An executor may maintain an action of ejectment, but in order to recover he must exhibit in evidence his letters testamentary. The province of the letters is to prove the appointment in order to show his authority to have possession of the land. *Lamar* v. *Sheffield,* 66 *Ga.* 710. Where one sues as executor to recover on a chose in action belonging to his testator, upon failure of the defendant to file a plea in abatement, the plaintiff is not required to prove his appointment as executor; but the rule is otherwise if the letters testamentary constitute a part of the plaintiff's title to the property sued for. *Hazelhurst* v. *Morrison,* 48 *Ga.* 397. Letters testamentary on the estate of T. J. Hart were a part of the lessor's title in the demise laid in the name of the executrix, and there could be no legal recovery on that demise without proof of the same. The reception in evidence of the will naming Mrs. Hart as executrix will not suffice to dispense with proof of her appointment and qualification as executrix, as wills may be probated by others than the nominated executor, and a nominated executor may offer a will for probate and yet refuse to qualify. Nor could a recovery be supported under this demise on the ground that Mrs. Hart is also named as testamentary trustee. Where the same person is both executor and testamentary trustee under a will,

but the title to real property therein devised is placed in him as trustee, in a suit to recover such realty a demise in the name of the executor is not available. *Schley* v. *Brown*, 70 *Ga.* 64.

2. Nor could there be a recovery on the demise of the heirs at law of T. J. Hart. The plaintiffs offered in evidence the will of T. J. Hart, in which the specific property was devised to Mrs. Hart in trust for her sons, Thomas J. Hart Jr. and Edward Harris Hart. T. J. Hart having disposed of the premises in dispute by will, his heirs could not take the estate by inheritance. The devise is not to the widow and children as tenants in common, but to the widow as trustee for the children. She would only take the naked legal title during the minority of the children, and the evidence discloses that at least one of them was sui juris upon the institution of the action. As to him the trust was executed. So that, even if the words "heirs at law" annexed to the names of the lessors in the second demise be treated as surplusage, there can be no recovery, under the familiar rule in ejectment, that, in order to recover upon a joint demise, it is necessary to show title and a right of entry in each and all of the persons named as lessors in that count. Powell on Actions for Land, § 27 and cases cited. ·

3. The will of T. J. Hart was received in evidence over objection. At common law an executor suing in ejectment was required to make profert of the will, but that rule has been abrogated by statute in this State. *Lamar* v. *Gardner*, 113 *Ga.* 781 (39 S. E. 498). Nevertheless, where one of the plaintiff's lessors is an executor, the will would not be altogether irrelevant, and its reception in evidence would not be ground for new trial.

4. The court excluded from evidence certified copies of the proceedings in bankruptcy of Thomas J. Hart. The petition in bankruptcy was filed on November 26, 1875, and the adjudication also was made on that date. Included in the inventory of property claimed as exempt is "one house and lot in the City of Dawson." The evidence does not disclose whether the locus in quo was that house and lot. If that is the same house and lot in dispute, this proceeding would be relevant in connection with the plaintiffs' evidence attacking the execution and delivery of the deed produced in evidence by the defendant from Thomas J. Hart, purporting to have been executed a few days prior thereto. On the other hand, if the premises in dispute were not scheduled in bankruptcy, the ex-

emplification would be admissible as bearing on the execution and delivery of the deed. In either view the evidence was relevant.

As the case will be sent back for another trial, we forbear discussion of the facts. *Judgment reversed. All the Justices concur.*