### Guest *v.* Guest, administrator.

Fish, C. J. 1. In an action of ejectment where the demise was laid in an administrator de bonis non of the estate of a named decedent, the appointment and qualification of such administrator was a necessary part of the plaintiff's title; the usual way of proving administration being by the introduction in evidence of letters of administration. *Deubler* v. *Hart*, 139 *Ga.* 773 (78 S. E. 176). Where on the trial of such a case no letters of administration were put in evidence and the

administration was not otherwise proved, it was error for the trial judge to direct a verdict in behalf of the plaintiff for the land which was the subject-matter of the action.

2. In the trial of an action of ejectment the demise was laid in the name of M. J. Guest as administrator de bonis non of the estate of F. M. Guest. On the trial the court permitted the plaintiff to put in evidence, over objections of the defendant, a deed from John Moore to F. M. Guest, the decedent, executed January 16, 1884, conveying unto F. M. Guest, his heirs and assigns, "all that tract or parcel of land situate, lying, and being in the 7th district of said county [Clinch], and known and distinguished in the plan of said district by the No. two hundred and sixteen, containing 460 acres more or less." The objections urged against the admission of such deed were as follows: (a) It is not a link in a chain of title originating in the State, nor a link in a chain of title showing title into F. M. Guest or in the plaintiff. This reason was not sufficient ground for the exclusion of the deed from evidence. The action was for the recovery of a described portion of the lot mentioned in the conveyance, and there was evidence that the grantee had been in possession of the lot described in the deed for more than twenty-five years prior to his death, and that he died in possession of the same. (b) Because the description of the land purported to be conveyed is so indefinite that no specific tract of land can be located as having been conveyed by the deed. Neither was this a good reason against the admissibility of the deed. It is true that where a deed purports to convey a part of a larger tract, it must contain something by which the smaller area can be segregated from the larger. *Moody* v. *Vondereau,* 131 *Ga.* 521 (62 S. E. 821). It does not appear, however, that the deed under consideration in the present case showed upon its face that only a portion of the lot therein named was sought to be conveyed, but on the contrary the deed purports to convey all of lot 216 in the 7th district of Clinch county, containing 460 acres, more or less; that is, the whole of that lot was conveyed. Notwithstanding there may have been a mistake as to the number of acres contained in the lot, and though the court will take judicial cognizance of the fact that whole lots in the county of Clinch contain 490 acres of land, these circumstances would not suffice to bring the deed within the scope of the rule above announced, and render it inadmissible in evidence.

> *Judgment reversed. All the Justices concur.*
> AUGUST 16, 1916.

Ejectment. Before Judge Summerall. Clinch superior court. March 24, 1915.

*Lankford & Moore,* for plaintiff in error.