## PHILLIPS *v.* COOK.

Where land was set apart as a year's support for a widow and her minor children, and after one of the children arrived at the age of twenty-one years the widow and that child executed a promissory note for the purpose of obtaining a tenant to cultivate the land so set apart, it being the sole support of the widow and children, and the note was sued to judgment and a fi. fa. was levied on the land, neither the widow in behalf of her minor children, nor the adult child, had any lawful claim as against the fi. fa.; and accordingly the court did not err in finding the property subject.

No. 4058. April 21, 1924.

Claim. Before Judge Yeomans. Miller superior court. October 25, 1923.

This case was submitted to the court without the intervention of a jury, on an agreed statement of facts as follows: In 1913 certain land located in Miller County, belonging to W. A. Phillips, deceased, was set aside as year's support for his widow, Mrs. W. A. Phillips, and minor children, of whom was C. A. Phillips, one of defendants in fi. fa. This land was entered upon by beneficiaries under the year's support, was cultivated by them, and was their only means of support. In December, 1920, C. A. Phillips, one of beneficiaries of the year's support, then of age, and Mrs. W. A. Phillips gave their note to W. H. Cook for $497.33, to take up an account of Mose Mills, tenant of Cook. C. A. Phillips and Mrs. W. A. Phillips moved Mills upon the land for the purpose of cultivating a crop thereon for Mrs. W. A. Phillips, C. A. Phillips, and minor children. Mose Mills left the land during the year 1921, without having paid any part of the indebtedness for which the note was given. W. H. Cook reduced his note to judgment, under which a fi. fa. was issued and levy made upon a part of the land; whereupon Mrs. W. A. Phillips as head of family, and as guardian and next friend for beneficiaries under year's support, filed a claim. The court rendered a judgment finding the property subject to the fi. fa. The claimant excepted.

*J. J. Stewart* and *E. E. Cox,* for plaintiff in error.

*J. A. Drake* and *N. L. Stapleton,* contra.

GILBERT, J. "In a proceeding to set apart a year's support for a widow and minor children out of the property of the deceased husband, the widow may act for the minor children as well as herself. Civil Code, § 4041; *Ferris* v. *Van Ingen,* 110 *Ga.* 102(7), 118 (35 S. E. 347)." *Hendrix* v. *Causey,* 148 *Ga.* 164, 165, bottom (96 S. E. 180). "The widow can lawfully sell property so set apart when necessary for the support of the family. *Cleghorn* v. *Johnson,* 69 *Ga.* 369; *Allen* v. *Lindsey,* 113 *Ga.* 521 (38 S. E. 975)." *Hendrix* v. *Causey,* supra. "So also, in *Lowe* v. *Webb,* 85 *Ga.* 731, it was held that where property was set apart to a widow, on her application, as a year's support for herself and her child, she took a legal estate in fee, and the property became subject to levy and sale for the payment of her debts. To the same effect see *Cleghorn* v. *Johnson,* 69 *Ga.* 369; *Steed* v. *Cruise,* 70 *Ga.* 168; *Swain* v. *Stewart,* 98 *Ga.* 366; *Cox* v. *Cody,* 75 *Ga.* 175. It is hardly necessary to add that the right to sell, at least in a case of this kind, implies the right to mortgage; and if, as held in *Lowe* v. *Webb* [11 S. E. 845], the setting apart of land to a widow as a year's support for herself and her children conveys fee-simple title to the widow, there can be no further question as to her right to mortgage the property to raise money to secure the necessities of life." *Allen* v. *Lindsey,* 113 *Ga.* 524 (38 S. E. 975). The debts for which the property would be subject to levy, as mentioned in the case from which we have just quoted, mean, of course, debts incurred for the support of all of the beneficiaries of the year's support. The year's support set aside for the benefit of the widow and minor children is not subject to the pre-existing individual debts of the widow. *Hill* v. *Van Duzer,* 111 *Ga.* 867 (36 S. E. 966) ; *Gibbs* v. *Land,* 136 *Ga.* 263 (71 S. E. 136). Although, in the case of *Lowe* v. *Webb,* supra, the expression is used that the widow "took a legal estate in fee," the better expression would be to say, "where the property is set apart to the widow and minor child or children, the widow is entitled to control, even though the title is by law vested in her and such child or children. The widow is entitled to use and control the property set apart jointly until it is all consumed or until her death." Redfearn on Wills & Adm, 584, § 285 and

authorities cited in the notes; Civil Code (1910), §§ 4041, 4044. Under the agreed statement of facts the court was authorized to find that the contract entered into by the widow was made in behalf of her minor children, as well as her own behalf, for the purpose of operating the farm levied upon and to derive a support therefrom for all of the beneficiaries of the year's support; and that a judgment against the widow on such a contract created a lien on the land as against her minor children, as well as herself. The court was also authorized .to find that the credit was extended to the widow because of her possession and control of the land. The other claimant, who had become of age, was a party to the contract, and necessarily the judgment against him was a lien on whatever interest, if any, he had in the land, and under the facts of the case he had no lawful claim as against the fi. fa.   The court did not err in finding the property subject.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, J., dissenting.*