## Morris *et al.* v. Hasty.

Per Curiam. 1. Appraisers appointed by the ordinary set apart as a year's support a portion of the estate of a deceased husband, for the benefit of the widow and minor children, as follows: "We have assessed and set apart, as being necessary for the support and maintenance of said widow and children, the sum of six hundred dollars, which the said widow has selected to take as follows: 'Forty (40) acres of land in land lot No. 469 in the 17th district and 2 section Cobb County, Ga.'" The official map of land lots in Cobb County, including this particular lot 469 in the seventeenth district and second section of said county, shows that it contains forty acres; therefore it is certain that the appraisers intended to set apart the entire lot, and the judgment effectuates that purpose. The courts of this State take judicial notice of the governmental survey of its territory, and that the land lot described above contains forty acres. *Huxford* v. *Southern Pine Co.*, 124 *Ga.* 181 (3) (52 S. E. 439); *Payton* v. *McPhaul*, 128 *Ga.* 510, 514 (58 S. E. 50, 11 Ann. Cas. 163); *Osteen* v. *Winn*, 131 *Ga.* 209, 212 (62 S. E. 137, 127 Am. St. R. 212); *Guest* v. *Guest*, 145 *Ga.* 592 (89 S. E. 687). The answer of the widow, which was stricken, alleges that "she elected to take lot of land No. 469 in the 17th district and 2nd section of Cobb County, Georgia." Construed in connection with the official map, the effect of this judgment is to set apart, for the purposes named, the land described. The case of *Maxwell* v. *Citizens Bank*, 165 *Ga.* 125 (139 S. E. 864), cited by defendants in error, does not require a contrary ruling.

2. The court erred in sustaining the motion to strike the portion of the amended answer of the widow, alleging the setting aside of the year's

support, and that the loan deed executed by her was not for the support of herself and minor children, and that this fact was known to the. mortgagee and also all of the subsequent transferees.

3. The court did not err in sustaining the demurrer to the intervention of the children. There was no allegation in that intervention that the mother failed and refused to set up the same defense offered in their intervention. "Where land belonging to the estate of a decedent is set apart as a year's support to his widow and minor children, the widow may sell and convey it for the purpose of maintenance and support of herself and children, or, if the children are of age and have left the land, for the support of herself. The sale and conveyance by the widow divests the title of the children as heirs of the decedent, and also their claim upon the land as beneficiaries under the allowance of a year's support." *Ragan* v. *Shiver*, 130 *Ga.* 474 (61 S. E. 1); *Reese* v. *Reese*, 146 *Ga.* 684 (92 S. E. 218).

4. The court having erred in sustaining the motion to strike, as ruled in the second headnote, all subsequent proceedings were nugatory.

*Judgment reversed. All the Justices concur.*

No. 7037. JANUARY 16, 1930.

*H. B. Moss,* for plaintiffs in error.
*Morris, Hawkins & Wallace,* contra.