## SIMPSON *v.* KELLEY.

ATKINSON, J. 1. "The general rule is that in order for a plaintiff to maintain an equitable petition to remove a cloud upon his title, he must allege and prove possession in himself. . . There are exceptions to the above general rule, (1) in case of wild lands, and (2) where there is a distinct head of equity jurisdiction sufficient to support the action, as where deeds are obtained by fraud or other illegal means." *Mentone Hotel & Realty Co.* v. *Taylor*, 161 *Ga.* 237 (130 S. E. 527), and cit.

2. "Where land belonging to the estate of a decedent is set apart as a year's support to his widow and minor children, the widow may sell and convey it for the purpose of maintenance and support of herself and children, or, if the children are of age and have left the land, for the support of herself." *Ragan* v. *Shiver*, 130 *Ga.* 474 (61 S. E. 1). But the widow may not sell the land except for the purposes stated, where the purchaser knows the purpose for which it is being sold. *Morris* v. *Hasty*, 169 *Ga.* 781 (2) (151 S. E. 490); *Gibbs* v. *Land*, 136 *Ga.* 261 (71 S. E. 136). See also *Hill* v. *VanDuzer*, 111 *Ga.* 867 (36 S. E. 966); *Phillips* v. *Cook*, 158 *Ga.* 151 (123 S. E. 108).

3. The petition as amended seeks cancellation of a deed as a cloud upon the title of the plaintiff. The deed executed by the plaintiff purported to convey to the defendant land that had been set apart as a statutory year's support for herself and minor child from the estate left by her deceased husband. The child had attained majority and had married. The consideration of the deed was not for maintenance or support of the widow. The defendant had notice of the character of the estate. The allegations of the petition were substantially as stated. In these circumstances the petition charged that the deed was procured by illegal means, and showed that the case falls within the second exception mentioned in the first headnote.

4. The petition alleged an equitable cause of action for cancellation and for injunction, and it was erroneous to dismiss the action on general demurrer. *Judgment reversed. All the Justices concur.*

No. 7856. DECEMBER 9, 1930.

524

*George Y. Harrell,* for plaintiff.   *Stephen Pace,* for defendant.