*D. C. Jones* and *R. Lee Moore,* for plaintiff.
*Fred T. Lanier* and *B. H. Ramsey,* for defendant.

REYNOLDS *et al. v.* STATESBORO BUGGY & WAGON Co. *et al.*

BELL, J.   1. The evidence authorized the inference that after land was set apart as a year's support to a widow and minor children, the widow incurred an indebtedness for the support and benefit of the family, and that, having remarried, she executed a deed conveying the land to her second husband under an agreement with him and the creditor that he would assume the indebtedness and would in turn convey the property to the creditor as security therefor. *Held,* If these were the facts, the former widow merely accomplished indirectly what she might have done directly as to such creditor; and the security deed executed to the creditor by the husband in pursuance of such agreement would be valid and enforceable as against the beneficiaries of the year's support. *Sexton* v. *Burruss,* 144 *Ga.* 192 (86 S. E. 537); *Bridges* v. *Barbree,* 127 *Ga.* 679 (2) (56 S. E. 1025); *Phillips* v. *Cook,* 158 *Ga.* 151 (123 S. E. 108); *Anders* v. *First National Bank,* 165 *Ga.* 682 (4) (142 S. E. 98); *Simpson* v. *Kelley,* 171 *Ga.* 523 (2) (156 S. E. 198).

2. The evidence did not demand a finding that the creditor had agreed to extend the indebtedness for a period of years on the cancellation of a certain security deed held by the wife against her second husband on the same property, and that the creditor was thus attempting a premature exercise of the power of sale contained in its security deed.

3. On conflicting evidence the judge did not err in refusing to grant an interlocutory injunction against a sale of the land by the creditor under a power of sale contained in its security deed.

*Judgment affirmed. All the Justices concur.*

No. 9464.   NOVEMBER 14, 1933.

*D. C. Jones* and *R. Lee Moore,* for plaintiffs.
*Howell Cone,* for defendants.