### 23748.   COASTAL PUBLIC SERVICE COMPANY *v.* MORDECAI, administratrix.

DECIDED APRIL 3, 1934.

*Clarence T. Guyton,* for plaintiff in error.
*F. H. Shearouse, O'Neal & O'Neal,* contra.

GUERRY, J. The right to bring an action for the benefit of an estate vests exclusively in the legal representative of the estate if there be one, subject to the modification that in cases of fraud or collusion on the part of the representative, the heirs, legatees or devisees may file a bill in equity for the protection of their rights. *Kinard* v. *George,* 142 *Ga.* 111 (82 S. E. 560) ; *Purvis* v. *Askew,* 148 *Ga.* 79 (95 S. E. 964) ; *Edwards* v. *Kilpatrick,* 70 *Ga.* 328; *Anderson* v. *Goodwin,* 125 *Ga.* 663 (54 S. E. 679). When an administrator or an executor sues for damages because of an alleged trespass upon lands of his estate, proof of his representative capacity need not be made unless it is specially denied by the defendant. *Merritt* v. *Cotton States Life Insurance Co.,* 55 *Ga.* 103; *Bray* v. *Parker,* 82 *Ga.* 234 (7 S. E. 922) ; *Kenan* v. *Dubignon,* 46 *Ga.* 258; *Hazelhurst* v. *Morrison,* 48 *Ga.* 397; *Central of Ga. Ry. Co.* v. *Goens,* 30 *Ga. App.* 770 (119 S. E. 669) ; *Macon & Western R. Co.* v. *Davis,* 18 *Ga.* 679; *Fuller* v. *Wood,* 137 *Ga.* 66 (72 S. E. 504). In the present case Mrs. Willie G. Mordecai sued for damages because of an alleged trespass by the defendant upon lands belonging to the estate of Minnie W. Lawrence, alleging that she was the regularly chosen and duly qualified executrix of the estate of Minnie W. Lawrence, which allegation was denied by the defendant in its answer. Upon the trial there were introduced in evidence "letters testamentary showing that Mrs. Willie G. Mordecai was by virtue thereof executrix of the will of Minnie W. Lawrence," and also a deed to Minnie W. Lawrence, conveying the land upon which the trespass was committed. Such evidence was sufficient to show her representative capacity. See, in this connection, *Guest* v. *Guest,* 145 *Ga.* 592 (89 S. E. 687) ; *Deubler* v. *Hart,* 139 *Ga.* 773 (78 S. E. 176) ; *Ryan* v. *American Freehold Land Mortgage Co.,* 96 *Ga.* 322 (23 S. E. 411).

The testimony of a devisee under the will that "It is true that my two brothers and I have been treating the property as ours; it belongs to us," in view of the further testimony of the same witness that "my aunt, Mrs. Mordecai [the plaintiff], is executrix of my mother's will; for several years I have been looking after everything connected with the estate; *I did this for my aunt.* . . The estate is still unadministered. Mrs. Mordecai is still executrix of the will. The property has never been officially turned over to us by the executrix," does not show an

assent on the part of the executrix to the devise of the land under the will, either express or implied, so as to perfect the inchoate title of the devisee, divesting the executrix of the right to sue with respect to such land. See Civil Code (1910), §§ 3895-6. The evidence did not disclose a long lapse of time between the qualification of the executrix and the bringing of the suit (the record being silent as to such time), so as to raise a presumption of assent by the executrix as in the cases of *Hodges* v. *Stuart Lumber Co.*, 128 *Ga.* 733 (58 S. E. 354); *Phillips* v. *Smith*, 119 *Ga.* 556 (46 S. E. 640); *Flemister* v. *Flemister*, 83 *Ga.* 79 (9 S. E. 724). Nor did the evidence show possession by the devisees of the land at the death of the testator and the acquiescence of the executrix in such possession thereafter so as to show assent as in the cases of *Hood* v. *Hood*, 169 *Ga.* 378 (150 S. E. 552), and cit. The verdict was amply supported by the evidence and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*