257 F.2d 580
 Aulbert J. BRANNEN et al., Appellants,
v.
L. B. WILLOUGHBY (Thelma B. Willoughby, Administratrix of the Estate of L. B. Willoughby substituted in place of L. B. Willoughby, Deceased), Appellee.
 No. 17020.
 United States Court of Appeals Fifth Circuit.
 June 23, 1958.
 
 W. G. Neville, Wm. J. Neville, Statesboro, Ga., E. Kontz Bennett, Waycross, Ga., Ralph U. Bacon, Statesboro, Ga., for appellants.
 Homer S. Durden, Jr., Darius N. Brown, Swainsboro, Ga., for appellee.
 Before TUTTLE, BROWN and WISDOM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Willoughby, a lessee of a tobacco warehouse, filed a civil complaint against the individual warehousemen comprising the membership of the Statesboro Tobacco Board of Trade, Inc. and the Corporation, as defendants, alleging antitrust discrimination and seeking injunctive relief, 15 U.S.C.A. § 26, to obtain allocation of greater selling time thus presenting a matter somewhat along the lines of Rogers v. Douglas Tobacco Board of Trade, Inc., 5 Cir., 244 F.2d 471. The complaint was actually filed July 12, 1957, just six days before the tobacco market opened at Statesboro on July 18, 1957. A separate motion for a "preliminary injunction" was served on July 11, 1956, and on the same date the Court entered an order that the "* * * defendant show cause on 22nd day of July 1957 * * * why a temporary restraining order should not be granted * * *." After this hearing which was treated as an application for a temporary injunction since a part of the plaintiff's essential proof was an affidavit, the Court on August 20, 1957, two days after the 1957 season had closed, filed an order-opinion effective, nunc pro tunc, as of July 22, 1957. Although treated as having the force of an injunction, it was couched merely in terms declaring that Willoughby's warehouse No. 2 was to be permitted to do business in the same manner as the other tobacco warehouses but peremptorily required that the Board of Trade "* * * shall make allocation of selling time on the Statesboro Tobacco Market for the 1957 season among the eleven warehouses * * * in such time in accordance with the constitution and bylaws of said association."
 
 
 2
 On appeal from a temporary or preliminary injunction or similar order whose sole function is to preserve the status quo pending the final hearing, our inquiry is confined to whether the Court abused its discretion. We would ordinarily not reach the merits. Spring v. Ohio Oil Co., 5 Cir., 108 F.2d 560.
 
 
 3
 But we do not even get this far. For however this order is described, whether denominated a preliminary injunction, temporary injunction or restraining order, it is plain that the action of the Court was invoked for temporary relief, the hearing was had upon that assumption, and the order was confined to the current 1957 season. Properly construed it can have no other effect, and as such, the cause is moot since that season expired on August 16, 1957.
 
 
 4
 As the hearing was not a final one, neither the action taken nor the reasons[1] or findings given as the basis for it can have any effect, either as a determination of any one or all of the issues, as res judicata, as the law of the case, or as an historical basis for allocation of selling time in seasons subsequent to 1957 or as a finding of antitrust violations as a basis for statutory triple damage claims.
 
 
 5
 Time has wiped the slate clean. The order is moot.[2] The appeal from it is dismissed.
 
 
 
 Notes:
 
 
 [1]
 The Court's order stated in part:
 "From the evidence, the charter, constitution and by-laws of the Statesboro Tobacco Board of Trade, Inc. which are before the Court, as a part of the record in this case, the Court is of the opinion that the method of allotting selling time on the Statesboro Tobacco Market as outlined in the constitution and by-laws of the Statesboro Tobacco Board of Trade, Inc., is a fair and equitable method of allotting the said selling time. In the present case it appears that the defendants did not go by said rules and regulations when they considered this application for selling time. There is no authority in said rules and regulations whereby the defendants can deny selling time to Farmers Warehouse No. 2. Nor is there any authority in the said rules and regulations whereby the defendants are authorized and empowered to require Guy Sutton, Sr., and the plaintiff to make a division of the selling time which had been allotted to said Sutton; the Court is of the opinion that any such division would be contrary to the constitution and by-laws of the Statesboro Tobacco Board of Trade, Inc.
 "It is considered, ordered and adjudged by the Court that Farmers Warehouse No. 2 is to be permitted to do business in the same manner and under the same conditions as the other tobacco warehouses which are now or may hereafter be owned and operated by the defendants."
 
 
 [2]
 Being moot, we do not reach any of appellants' complaints, procedural or substantive, including the contention that under Kinnear-Weed Corp. v. Humble Oil & Refining Co., 5 Cir., 214 F.2d 891, the complaint failed adequately to allege public injury