**L. B. WILLOUGHBY (Mrs. Thelma Willoughby, Administratrix of the Estate of L. B. Willoughby, deceased), Appellant,**

v.

**Aulbert J. BRANNEN et al., Appellees.**

**No. 17750.**

United States Court of Appeals
Fifth Circuit.

Oct. 27, 1959.

Homer S. Durden, Jr., Darius N. Brown, Swainsboro, Ga., L. M. Stocks, Greenville, N. C., for appellant.

E. Knotz Bennett, Waycross, Ga., Chas. L. Gowen, Brunswick, Ga., Wm. J. Neville, Statesboro, Ga., for appellees. Bennett, Pedrick & Bennett, Waycross, Ga., Neville & Neville, Statesboro, Ga., of counsel.

Before HUTCHESON, CAMERON and JONES, Circuit Judges.

HUTCHESON, Circuit Judge.

Appealing from the judgment[1] of the district court dismissing the cause as moot, appellants, plaintiffs below, are here urging upon us: that, in so ordering, the district judge completely misapprehended the nature and effect of the order of this court; that the order dismissing the cause is moot, is without support in the record; and that the judgment should, therefore, be reversed and the cause remanded for trial on the merits.

The defendants-appellees, taking issue with this view, insist that the district judge was right in holding and declaring that the Court of Appeals in cause No. 17,020 Brannen v. Willoughby, 5 Cir., 257 F.2d 580, 581, had held that the cause was moot and had dismissed the action in its entirety.

We cannot at all agree with this view. As a reference to the opinion of the court in Brannen v. Willoughby, supra, will show, the appeal there was not from an order affecting the merits of the cause but was from an order granting a temporary injunction with respect to a season expiring on August 16, 1957. The only matter of which this court had jurisdiction and with reference to which it could speak was an appeal from a temporary injunction.[2]

When, therefore, it was stated in the opinion: that the cause was moot, since the season to which it was confined expired in August; it is manifest that it was not attempting to deal, as of course it could not, with the merits of the action of which, since the appeal had not brought them up, it had no jurisdiction, but, as the opinion shows by later declaring: "Time has wiped the slate clean, the order is moot", it was dealing with, and only with the subject matter which the appeal had brought into the court, the temporary injunction.

The order of the district court, therefore, declaring that the Court of Appeals had in Brannen v. Willoughby, supra, acquired jurisdiction over the merits of the action in Willoughby v. Brannen, and had undertaken to declare the action moot, was erroneous in its predicate and, therefore, in the order, and its judgment may not stand.

Without, for the reason that they are not before us, undertaking to deal with

---

1. As pertinent here the judgment provided:

   "It is Ordered, Adjudged and Decreed by the United States District Court for the Southern District of Georgia, Swainsboro Division that the United States Court of Appeals for the Fifth Circuit, by its decisions, case No. 17,020 [Aulbert J. Brannen et al. v. L. B. Willoughby] held in effect that the cause is moot and dismissed the same in its entirety;

   "Therefore, the cause of action, the original complaint filed in said case, the motion to amend the original complaint, the supplemental complaint and all other pleadings filed by the plaintiff in said cause be, and the same are hereby dismissed without prejudice * * *".

2. Mansfield Hardwood Lbr. Co. v. Johnson, 5 Cir., 242 F.2d 45.

the other questions argued on this appeal as to whether the original complaint, the amendment thereto, and the supplemental complaint state a claim against the appellees as to which any relief can be granted,[3] and as to the liberality of the rule for allowance of amendments,[4] we order the judgment reversed for consideration of the issues and disposition of the suit on the merits.

3. But see Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed. 80; John Walker & Sons v. Tampa Cigar Co., 197 F.2d 72; Tauzin v. St. Paul Mercury Indem. Co., 5 Cir., 195 F.2d 223; Weil Clothing Co. v. Glasser, 5 Cir., 213 F.2d 296, at page 299; Atwood v. Humble Oil & Ref. Co., 5 Cir., 243 F.2d 885; Augusta Broadcasting Co. v. U. S., 5 Cir., 170 F.2d 199.

4. F.R.Civ.P. 15, 28 U.S.C.A. See Copeland Motor Co. v. General Motors Corp., 5 Cir., 199 F.2d 566.