**Dalmon DAVIS, District Director of Internal Revenue, and I. W. Spillers, Revenue Officer, Appellants,**

**v.**

**Mrs. Bertha S. BIRDSONG, Appellee.**

**No. 18047.**

United States Court of Appeals
Fifth Circuit.

Feb. 29, 1960.

Rehearing Denied March 30, 1960.

114

Joseph Kovner, Atty., D. of J., Washington, D. C., Charles K. Rice, Asst. Atty. Gen., D. of J., Frank O. Evans, U. S. Atty., Floyd M. Buford, Asst. U. S. Atty., Macon, Ga., Lee A. Jackson, A. F. Prescott, Attorneys, Department of Justice, Washington, D. C., for appellants.

Eugene A. Epting, Athens, Ga., Erwin, Nix, Birchmore & Epting, Athens, Ga., for appellee.

Before RIVES, Chief Judge, and HUTCHESON and TUTTLE, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from an order of the trial court granting a temporary injunction against the collection of federal taxes. The jurisdiction of this Court rests on the provisions of 28 U.S.C.A. § 1292(1). The appellee agrees with the statement of facts recited in the government's brief. Succinctly stated the facts are:

The appellee, Mrs. Birdsong is the widow of Henry W. Birdsong, deceased, who died in the year 1944. On April 10, 1948, in accordance with the laws of the state of Georgia, the Ordinary of Clarke County, Georgia, awarded a year's support to Mrs. Birdsong from the property of her deceased husband. This property is a house and lot in the city of Athens, Georgia. It is the subject of this litigation. Mrs. Birdsong also received other assets in an amount not apparent from the record before us as a distributee of the estate. Subsequently, on March 28, 1955, a decision of the Tax Court of the United States, based upon a stipulation of counsel for petitioner in that proceeding, determined that a transferee liability existed on the part of Mrs. Birdsong for income taxes due from her husband for the calendar years 1943 and 1944 in the respective amounts of $5,275.45 and

$3,087.49, plus statutory interest thereon.[1] The stipulation there entered further provided as follows:

"Effective upon entry of decision pursuant to this stipulation petitioner waives the restrictions, if any, contained in the Internal Revenue Code on the assessment and collection of the liability plus statutory interest."

Transferee liability was also determined as against the three children of Henry W. Birdsong in varying amounts.

In July 1957 appellants levied a distraint on certain shares of stock owned by the appellee and realized therefrom $1,360.33 and also issued a distraint on appellee's bank account and realized therefrom $684.95. On January 21, 1959, on a notice of seizure stating the amount then due to be $13,008.99, appellants seized the residence property owned by Mrs. Birdsong, levying on such property under the assessment made following the decision of the Tax Court above set out. On January 29, 1959, appellee filed her petition to enjoin the sale of the house, a temporary restraining order was issued, and on June 11th the District Court issued its order temporarily enjoining the appellant from selling the property or in any way proceeding further to enforce the levy. Proof submitted on the trial showed the property to be worth between $20,000 and $25,000. In her petition Mrs. Birdsong alleged on information and belief that the assessments against the other distributees of the estate had been settled for varying amounts. No proof as to these settlements or the nature of any release given was tendered at the hearing on the temporary injunction, although appellee asserted in her complaint that such settlements released her from any liability under the assessment against her.

On the state of the record before us the only question for decision is whether Mrs. Birdsong, as a transferee of assets from her husband's estate, can legally resist the satisfaction of this liability out of property transferred to her as year's support. It must be made clear at the outset that the government does not assert, and the record does not support, the theory that the receipt of the house and lot as year's support is the basis of the transferee liability itself.

It is clear, and the trial court found, and appellee does not herself dispute, that the decision of the Tax Court to the effect that a transferee liability exists against Mrs. Birdsong is final and binding. This leaves then only the question whether such liability is one which can be collected only out of other assets than the property awarded a year's support. This, it seems to us, depends upon whether property conveyed as year's support under the Georgia statute (Code, § 113–1002) becomes the absolute property of the widow or whether the widow receives some sort of qualified property or title in the real estate which is not subject to levy in favor of creditors. This determination is necessary because, even though the Georgia law exempts property set aside as year's support from levy in favor of general creditors, this exemption would not be valid as against the right of the United States to collect an assessment for income taxes. See 26 U.S.C.A. § 6334, which sets up certain exemptions applicable to taxpayers and transferee. This section does not include as being exempt property set

---

1. The decision follows:
"Decision
"Under written stipulation signed by counsel for the parties in the above-entitled proceeding and filed with the Court on March 21, 1955, at Atlanta, Georgia, it is
"Ordered and decided: That there is a liability on the part of this petitioner for income taxes due from the Estate of Henry W. Birdsong, Deceased, for the calendar year 1943 and for the fiscal period January 1, 1944, to October 10, 1944, in the respective amounts of $5,275.45 and $3,087.49, plus statutory interest thereon, as transferee of the assets of the Estate of Henry W. Birdsong, Deceased, Transferor, Athens, Georgia.
"Luther A. Tolinson
Judge
"Entered Mar. 28, 1955
"Served Mar. 28, 1955."

aside in a state court for a year's support, nor does it by reference include state created exemptions.[2] We have given effect to this Federal exemption rule as set out in the predecessor statutes in a case arising under the Texas Homestead Statute in Shambaugh v. Scofield, 5 Cir., 132 F.2d 345. See also United States v. Heffron, 9 Cir., 158 F.2d 657, certiorari denied 331 U.S. 831, 67 S.Ct. 1510, 91 L.Ed. 1845.

It is clear that under the Georgia law extreme concern is expressed for the protection of the widow and minor children on all matters touching the use of property set aside for them as year's support. This concern has permitted the growth within the state of Georgia of many anomalies respecting this favored creature of the Georgia statutes. This is indicated by the very record before us in that the widow did not seek to have set aside to her a year's support, which is designed to care for her during the first year following her husband's death, until nearly four years after he had died. Also, the theory of the Georgia statute is that the amount set aside be "a sufficiency from the estate for [her] support and maintenance for the space of twelve months from the date of administration"; whereas here it is apparent that fifteen years after the death of the husband the widow has not consumed the amount set aside for her but still holds it and it has a current value of not less than $20,000. This is not said to indicate that such award would necessarily be inappropriate under all circumstances. It does, however, indicate that there is really property at issue which is not property to be classed as the "widow's mite." As we have already stated, neither the trial court nor we are advised as to the basis of the transferee liability. We are not permitted to reopen and reconsider that question. However, unless we are to assume that Mrs. Birdsong's counsel in that proceeding (different from counsel now representing her) agreed to a liability which she did not owe, we must accept the fact that the transferee claim was either based on the value of the property received by way of *distribution* from the estate or was based on an agreed settlement of a contention by the Commissioner that the year's support was, as to the United States, excessive and subject to attack.

■ It is clear that, although the Georgia statute creating the year's support does not expressly say so, the widow, where the year's support is set aside for her and minor children, may resist efforts to subject such property to claims which have ripened into common law judgments against her unless such judgments represent amounts expended for their actual support. This is true notwithstanding the year has expired and the property is still intact. See Morris v. Hasty, 169 Ga. 781, 151 S.E. 490, where the Georgia Supreme Court held that a widow could cancel a loan deed executed by her when the grantees knew that the loan deed was not for the support of herself and minor children. In Houston v. Phillips, 159 Ga. 344, 125 S. E. 713, the Georgia Supreme Court said:

"Where property of a deceased person has been set apart, in conformity with the statute, as a year's support for the widow and minor children of the deceased, such property cannot be sold at sheriff's sale under a fi. fa. based on a common-law judgment against the widow, based on a debt of the widow that was not created for the support and maintenance of the family."

This language is quoted with approval in Rimes v. Martin, 197 Ga. 273, 277, 29 S.E.2d 49. See also Simpson v. Kelley, 171 Ga. 523, 156 S.E. 198.

Although the Georgia cases have held that where there is a widow and no

---

2. "§ 6334. Property exempt from levy.
   \* \* \* \* \*
   (c) No other property exempt.—Notwithstanding any other law of the United States, no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)."
   26 U.S.C.A. § 6334(c).

minor children, complete title vests in the widow, the cases nevertheless restrict her power to encumber her year's support unless for actual need for her maintenance. Grant v. Sosebee, 169 Ga. 658, 151 S.E. 336.

We conclude that under the Georgia law the property received by the widow, such as that transferred to Mrs. Birdsong, as year's support, is exempt from levy for any but debts created for her actual maintenance and support. However, it appears that this is a rule of exemption and is not based on any defect or limitation in the title or quality of the property owned by the wife. The Georgia Statute, Title 113, § 1006, says:

"The property so set apart by the appraisers shall vest in the widow and child, or children."

The Georgia Supreme Court, in Smith v. Smith, 187 Ga. 743, 2 S.E.2d 417, 419, cited this section as authority for the proposition that "title to property so set apart to the widow alone vests absolutely in her." The Court also cited Williams v. Rosette, 177 Ga. 528, 170 S.E. 373.

Both the trial court in its opinion and appellee in her brief refer to the case of United States v. Truax, 5 Cir., 223 F.2d 229, as standing for the proposition that transferee liability rests upon local state law. This question, however, is not before us, for the fact that there is such liability against Mrs. Birdsong has already been determined and is not now subject to review. This leaves then only the question which we have thus far discussed. That question we conclude must be resolved against the appellee.

As to the attack on the assessment based on alleged settlements by the Commissioner of his claim against other transferees, we can only say that the record does not disclose any basis on which either the trial court or we could find that the government has released its claim by reason of its course of action in dealing with the other transferees. Nothing in the record before the trial court would even warrant a finding that the assessments against the individual transferees were not entirely several, rather than joint or joint and several.

The judgment of the trial court granting a temporary injunction must be reversed and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

HUTCHESON, Circuit Judge (dissenting).

An examination of the record plainly showing that the court is without jurisdiction to consider and determine the matters discussed in the opinion of the majority, I dissent from the opinion undertaking to do so.

The only order entered in the cause was the one of July 11, 1959, at page 23 of the Record, "temporarily and until further order of this court" restraining and enjoining "from proceeding further * * *". The only appeal by anyone is that filed August 5, 1959, by respondents, appearing at pp. 28–29 of the record:

"Notice of appeal

"Now comes Frank O. Evans and John C. Bracy, counsel for appellants, and hereby give notice of appeal to the United States Court of Appeals for the Fifth Circuit from the final judgment entered in this cause on the 11th day of June, 1959."

No final judgment having been entered, there was no final judgment to appeal from and, therefore, no appeal. If, though the appeal was in terms from a final judgment, it may, since it named the date of the order, be regarded and treated as an appeal from the interlocutory order, the action of this court, in considering and determining the questions dealt with, would, in my opinion, be no better based. This is because, as stated in Note 260, 28 U.S.C.A. § 1292, "The granting or refusal of an injunction pending the suit rested in the sound discretion of the trial court, and that its order would not be disturbed on appeal unless it was violative of the rules of equity, or unless there was an abuse of

**118**

discretion, or unless the injunction was improvidently allowed.", citing many cases. See also cases cited in Note 260, 1959 Supp.

This court, in Miami Beach Federal Savings & Loan Association v. Callander, 5 Cir., 256 F.2d 410, at page 415, citing many cases stated:

"We have repeatedly held that an order for a temporary injunction does not and cannot decide the merits of the case."

In Mansfield Hardwood Lumber Co. v. Johnson, 5 Cir., 242 F.2d 45, 47, we declared:

"We regard the principle declared in the Mytinger case [Mytinger & Casselberry, Inc., v. Numanna Laboratories Corp., 7 Cir.], 215 F.2d 382, at page 383:

" 'On appeal from decree from preliminary injunction sole issue before court *was whether district court abused discretion,* and merits of controversy would be left open for further consideration and future determination.' (emphasis supplied) as correct and controlling here, * * *"

While in Willoughby v. Brannen, 5 Cir., 271 F.2d 432, 433, we reaffirmed the principle, stating that on an appeal from an order granting a temporary injunction the only matter of which this court had jurisdiction and with reference to which it could speak was an appeal from a temporary injunction. Further, on in the same case, at page 433, we stated:

"When, therefore, it was stated in the opinion: that the cause was moot, since the season to which it was confined expired in August; it is manifest that it was not attempting to deal, as of course it could not, with the merits of the action of which, since the appeal had not brought them up, it had no jurisdiction. As the opinion shows by later declaring: 'Time has wiped the slate clean, the order is moot', it was dealing with, and only with the subject matter which the appeal

had brought into the court, the temporary injunction." Cf. Zwack v. Kraus Bros. & Co., 2 Cir., 237 F.2d 255.

It seems entirely clear to me that the only matter before us for decision is whether the district court abused its discretion in granting the temporary injunction until the case could be heard on its merits. The record shows that the case bristles with issues which must be tried and settled on the merits before plaintiff's home can be taken from her, and it seems equally clear to me that the order of the district court granting the interlocutory injunction should not be reversed as erroneous, but affirmed as in accordance with right and equity.

I, therefore, respectfully dissent from the opinion, as rendered without jurisdiction, and from the order of reversal, as unwarranted and unjust.

Rehearing denied: HUTCHESON, Circuit Judge, dissenting.