JAMES J. DURKIN, JR., ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Durkin v. Commissioner
Docket Nos. 29548-89, 29549-89, 29550-89, 29551-89
United States Tax Court
T.C. Memo 1994-6; 1994 Tax Ct. Memo LEXIS 12; 67 T.C.M. (CCH) 1932; 73 A.F.T.R.2d (RIA) 421; January 10, 1994, Filed *12 Decision will be entered under Rule 155. James J. Durkin, Jr., pro se. For respondent: Michael P. Corrado. TANNENWALD
TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined transferee liability of $ 274,261 against each of the petitioners based upon our decision in Barbara Coal Co. v. Commissioner, T.C. Memo. 1987-466, affd. without opinion 853 F.2d 916 (3d Cir. 1988) (hereinafter the corporate taxpayer in that case will be referred to as Barbara Coal), wherein we decided that there was a deficiency in that corporation's Federal income tax of $ 378,798.79 for the fiscal year ending April 30, 1974. The decision in Barbara Coal became final on September 13, 1988, and the notices of transferee liability were mailed to petitioners on September 27, 1989. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners were residents of Dallas, Pennsylvania, at the time the petitions were filed. At all pertinent times, the shares of stock of Barbara Coal were owned as follows: James J. Durkin, Sr., 16.66 percent, Anna Jean Durkin, 16.66 percent, Edward E. Durkin, *13 33.33 percent, James J. Durkin, Jr., 33.33 percent. Following the sale of a substantial portion of Barbara Coal's assets for $ 2 million, and the adoption of a plan of liquidation by the board of Barbara Coal on February 18, 1974, Barbara Coal distributed to petitioners a total of $ 750,000 as follows: $ 250,000 to James J. Durkin, Sr., and Anna Durkin, [2] $ 250,000 to James J. Durkin, Jr., and $ 250,000 to Edward E. Durkin. On February 10, 1975, (1) Barbara Coal and petitioners established a trust in dissolution of Barbara Coal, (2) the board and shareholders of Barbara Coal transferred all of its remaining assets to the aforementioned trust established by shareholders, and (3) the trustee made distributions to petitioner-shareholders as follows: $ 24,261.00 *14 to James J. Durkin, Jr., the same amount to Edward E. Durkin, $ 12,130.50 to James J. Durkin, Sr., and $ 12,130.50 to Anna Durkin. [3]
The trust agreement appointed James J. Durkin, Jr., as trustee for the petitioner-shareholders, provided for the distribution of the remaining assets to him and his assignment of the beneficial interest therein to petitioner-shareholders and established a procedure for the liquidation of the remaining corporate assets, satisfaction of outstanding claims and distribution of the net proceeds to petitioner-shareholders as beneficial owners. The trust agreement provided: SEVENTH: The term of this Agreement shall be for one (1) year or until full and final distribution by the TRUSTEE, *15 whichever occurs first, subject, however, to the right of the SHAREHOLDERS to renew the term hereof by unanimous consent for additional one (1) year periods in order to allow the TRUSTEE to fully effectuate the purposes hereof.
On March 15, 1977, James J. Durkin, Jr., as trustee, appointed C. E. Parente, CPA, as the attorney-in-fact for Barbara Coal before the Internal Revenue Service for the taxable periods ending April 30, 1974, and April 30, 1975. On March 3, 1977, Mr. Parente signed a Form 872, Consent Fixing Period of Limitation Upon Assessment of Income Tax, for the taxable year ending April 30, 1974, extending the period for assessment to June 30, 1978. Mr. Parente executed further Forms 872 extending that period in respect of the taxable years ending April 30, 1974, and February 18, 1975 (the short year), as follows: On January 4, 1978, to June 30, 1979; on January 15, 1979, to December 31, 1979; and on October 25, 1979, to December 31, 1980. OPINION Petitioners concede all of the elements which normally create transferee liability. See Hagaman v. Commissioner, 100 T.C. 180, 185-186 (1993); Gumm v. Commissioner, 93 T.C. 475, 480 (1989), *16 affd. without published opinion 933 F.2d 1014 (9th Cir. 1991). They resist liability on three grounds. First, petitioners contend that James J. Durkin, Jr., as trustee, was without authority to execute the power of attorney to Mr. Parente in March 1977. Therefore, they conclude that the periods of limitation were not extended by the Forms 872 which he executed with the result that the deficiency notice issued to Barbara Coal was untimely and consequently the period of assessment against Barbara Coal expired more than 1 year prior to the issuance of the notices of transferee liability herein. Their position is totally without merit. Whether the period of limitations had expired in respect of the notice of deficiency issued to Barbara Coal is an affirmative defense which could have been presented in the prior proceeding in this Court; it did not affect our jurisdiction over that proceeding. Badger Materials Inc. v. Commissioner, 40 T.C. 1061, 1063 (1963); see Saso v. Commissioner, 93 T.C. 730, 734 (1989). Such being the case and petitioners being in privity with Barbara Coal, the issue is *17 res judicata and cannot be raised in this proceeding. Estate of Egan v. Commissioner, 260 F.2d 779 (8th Cir. 1958), affg. 28 T.C. 998 (1957), and citing with approval Jahncke Service, Inc. v. Commissioner, 20 B.T.A. 837 (1930); First National Bank v. Commissioner, 112 F.2d 260, 262 (7th Cir. 1940), affg. a Memorandum Opinion of this Court dated July 5, 1939; Krueger v. Commissioner, 48 T.C. 824 (1967). Moreover, based upon the various actions of the parties herein after the creation of the liquidating trust in February 1975, we think that, in any event, James J. Durkin, Jr., had the authority to continue to carry out his responsibility as trustee under the trust instrument and Pennsylvania law to provide for the defense of respondent's claim against Barbara Coal, including the execution of the power of attorney in question. In Re Thaw's Estate, 163 Pa. Super. 484, 63 A.2d 417 (1949); Restatement, Trusts 2d, sec. 344 comment a (1959); see also Swoboda v. United States, 258 F.2d 848 (3d Cir. 1958), *18 affg. 156 F. Supp. 17 (E.D. Pa. 1957). [4]
Second, petitioners argue that the notices of transferee liability were not timely. Our decision in the prior proceeding became final on September 13, 1988. The limitation for assessment against Barbara Coal was suspended at the time the notice of deficiency was issued December 9, 1980, and remained suspended until 60 days after the Tax Court decision became final. Sec. 6503(a). [5] The period of limitations for the assessment of transferee liability is 1 year after the expiration of the period of limitations against the transferor. Sec. 6901(c). Consequently, the issuance of the notices of transferee liability, on September 27, 1989, was well within the applicable time *19 period, and we so hold. Finally, petitioners contend that the liability of each petitioner is limited to his or her pro rata share of the total assets of Barbara Coal transferred. We disagree. In Estate of Harrison v. Commissioner, 16 T.C. 727, 731 (1951), we stated: It is well settled that a transferee is severally liable for the unpaid tax of the transferor to the extent of the assets received * * *. Phillips v. Commissioner, 283 U.S. 589 [(1931)]. In the event that one transferee is called upon to pay more than his pro rata share of the tax, he is left to his rights of contribution from the other transferees.
See also Davis v. Birdsong, 275 F.2d 113, 115 (5th Cir. 1960). Each petitioner is therefore liable for the full amount of the tax liability up to the amount of assets transferred to that petitioner. To reflect *20 the foregoing, Decisions will be entered under Rule 155. Footnotes
1. Cases of the following petitioners have been consolidated herewith: Anna J. Durkin, docket No. 29549-89; Estate of James J. Durkin, Sr., Deceased, James J. Durkin, Jr., Personal Representative, docket No. 29550-89; Edward E. Durkin, docket No. 29551-89.↩
2. A distribution of $ 150,000 was made to James J. Durkin, Sr., and Anna Durkin, jointly, and $ 100,000 was distributed to James Durkin, Sr. Respondent concedes that Anna Durkin's liability as a transferee in respect of this distribution is limited to $ 150,000.↩
3. Respondent so stipulated. She incorrectly assumes that Anna Durkin's liability in respect to this distribution amounts to $ 24,261. There is no evidence that this distribution was made jointly to James Durkin, Sr., and Anna Durkin in the amount of $ 24,261 as was the case with the $ 150,000 distribution.↩
4. Petitioners, on brief, refer to Pennsylvania law which they assert required the written consent of the shareholders in order for the Forms 872 to be valid. They have provided us with no Pennsylvania authority for this assertion nor has our independent research revealed any.↩
5. All statutory references are to the Internal Revenue Code in effect for the years in issue.↩